THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Royce J. Hassell | § § | Case No. 19-30694 |
| Debtor. | § § | (Chapter 11) |

**DEBTOR'S APPLICATION TO EMPLOY
JONES MURRAY & BEATTY LLP AS GENERAL COUNSEL
<u>*NUNC PRO TUNC*</u> TO FEBRUARY 4, 2019**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

<u>**Relief Requested**</u>

1. The Debtor asks the Court to enter the proposed order authorizing him to employ Jones Murray & Beatty LLP ("JMB" or "Firm") as his general counsel in this case pursuant to section 327(a) with compensation and reimbursement of expenses pursuant to application under section 330.

2. The Debtor seeks the employment to be effective as of the petition date of February 4, 2019. This application is filed *nunc pro tunc* seeking an order of employment effective as of February 4, 2019. JMB is aware of the local rules requiring employment applications to be filed within 30 days to be considered "contemporaneous" and strives to comply with all the local rules. Lead counsel, Ms.

Jones, was quite ill the week of March 4th and was in trial on March 6th and was simply unable to set a time to meet with the Debtor to sign off on this application to employ prior to March 6th. Ms. Jones met with the Debtor in person on March 13, 2019, obtained the approval to file this Application and filed it immediately. For this reason, this request is filed on a *nunc pro tunc* basis.

### Jurisdiction

3. The Court has jurisdiction under 28 U.S.C. § 1334. Venue is proper under §§ 1408-09. This is a core proceeding under § 157(b). Movant consents to final orders by this Court.

### Background

4. The Debtor entered chapter 11 on February 4, 2019, in order to confirm a plan of reorganization through the sale of certain assets.

5. The Debtor retained JMB to prepare a bankruptcy filing and to represent him in the chapter 11 process.

6. The Debtor, as a debtor in possession, has determined in his business judgment that retention of JMB as counsel during this chapter 11 case is in the best interest of the estate and his creditors because JMB is not only well qualified to provide the services required, but is also already well acquainted with the Debtor's assets and liabilities, the proposed sale, the plan concept, and matters concerning resolution of various claims.

### Qualifications of the Firm

7. JMB is a Houston-based bankruptcy and litigation law firm. The three partners of the Firm each have extensive experience in chapter 11 debtor representation and related bankruptcy practice. Erin E. Jones has 18 years' experience as a bankruptcy practitioner, appearing frequently on behalf of debtors, trustees, creditors and other parties in interest in bankruptcy cases in the Southern District of Texas as well as courts in other jurisdictions. Christopher R. Murray has 11 years'

experience as a bankruptcy practitioner and is Board certified in business bankruptcy law. J. Maxwell Beatty has 12 years' experience as a bankruptcy litigator in matters across the country.

8. JMB and its partners are each a "disinterested person" as defined in section 101(14) and holds no interest adverse to the estate. The firm has conducted a diligent inquiry and, except as disclosed in the declaration of Erin Jones filed in support of this application, has found no connection with the Debtor, any creditors appearing in the schedules or otherwise in the record in this case, any other known party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

9. JMB has not entered into any agreement to share fees with anyone.

## Proposed Terms of Employment

10. JMB's employment by the Debtor would be subject in all respects to an Order of this Court authorizing the proposed employment.

11. JMB would provide the full range of legal services required of general counsel by a debtor in possession in a chapter 11 case, including advice and representation throughout the bankruptcy process; representation in negotiations and discussions with third parties; representation at meetings, hearings and conferences, including the meeting of creditors under section 341; preparing pleadings, including motions and applications, to facilitate the administration of the case; taking all actions to preserve the value of the estate and its assets for the benefit of creditors; facilitating the proposed sale process; facilitating the plan confirmation process; and performing all other acts and services necessary to assist the Debtor in this chapter 11 case.

12. The firm would seek reasonable compensation from the estate only for actual and necessary legal services as defined by the Bankruptcy Code and consistently with applicable guidance from the Office of the United States Trustee.

13. JMB would seek compensation on an hourly basis at the rates it customarily charges to other clients both in and out of bankruptcy. The rate for Jones, Murray and Beatty is $450 per hour. The rate for paralegals at JMB is $90 per hour. These rates are well within the wide range of rates charged by experienced practitioners advising debtors in chapter 11 cases in this market.

14. JMB would also seek reimbursement for out of pocket expenses incurred on the Debtor's behalf, but only to the extent they are reasonable and necessary, and only at actual cost.

### Pre-Petition Compensation

15. On February 4, 2019, the Debtor paid JMB $15,000 as a retainer for legal fees incurred in this chapter 11 case and also paid $1,717 for the chapter 11 filing fee. JMB does not have a pre-petition claim against the Debtor.

### Conclusion

16. The Debtor asks the Court to enter the proposed order and grant such other relief as the Court may deep appropriate.

Dated: March 13, 2019

*/s/ Royce J. Hassell*
Royce J. Hassell, Debtor

- AND -

JONES MURRAY & BEATTY LLP

*/s/ Erin E. Jones*
Erin E. Jones (TBN 24032478)
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com
chris@jmbllp.com

*Proposed Counsel for the Debtor*

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Royce J. Hassell | § § | Case No. 19-30694 |
| Debtor. | § | (Chapter 11) |

## DECLARATION OF ERIN E. JONES IN SUPPORT OF THE DEBTOR'S APPLICATION TO EMPLOY JONES MURRAY & BEATTY LLP

I, Erin E. Jones, declare and state under penalty of perjury as follows:

1. I am a partner of the law firm Jones Murray & Beatty LLP ("JMB" or "Firm") with offices at 4119 Montrose Blvd., Ste. 230, Houston, TX 77006.

2. I am an attorney licensed to practice in the State of Texas with bar card number 24032478 and in the United States District and Bankruptcy Courts for the Southern District of Texas with SDOT number FED ID: 34157

3. JMB and its partners have broad experience in bankruptcy law. JMB regularly represents debtors, trustees, creditors and other parties in interest in the Southern District of Texas. JMB is well qualified to represent the Debtor in this case.

4. I caused JMB to conduct a conflict check against the names of the Debtor, all creditors and other parties-in-interest appearing on the mailing matrix, the schedules and statement of financial affairs, their respective attorneys and accountants, the United States Trustee and all persons employed in the office of the United States Trustee.

5. Except as stated below, the Firm has no connection to any of those parties:

6. As attorneys in this District, JMB's partners have regular professional interactions with other attorneys in the community. Those interactions are not related to this case.

7. Several of the creditors in this case provide consumer credit or services to the public at large. JMB and its personnel have a variety of arms' length connections with these creditors in their

capacities as consumers. None of these connections is related to this case. Several of the creditors in this case also appear as creditors in other cases where JMB may represent or has represented other creditors, the debtors or other parties in interest. None of those engagements are related to this case.

8. JMB does not have a pre-petition claim against the Debtor.

9. Based on the foregoing diligence, I believe the firm is a "disinterested person" as that term is defined in the Bankruptcy Code. JMB neither holds not represents any interest adverse to the Trustee of the estate.

10. If the firm learns of a conflict or connection in the future, it will disclose such conflict or connection to the Court and take all appropriate action.

11. The firm has not entered into any agreement to share fees.

12. JMB is being retained on an hourly basis. The hourly rates that JMB generally charges clients both in and out of bankruptcy is $450 per hour for each of its partners. This rate is well within the wide range of rates charged in this District by firm representing debtors and other parties in chapter 11 cases.

Dated: March 11, 2019

/s/ Erin E. Jones
Erin E. Jones

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Royce J. Hassell | § § | Case No. 19-30694 |
| Debtor. | § § | (Chapter 11) |

## ORDER AUTHORIZING THE DEBTOR TO EMPLOY
## JONES MURRAY & BEATTY LLP AS GENERAL COUNSEL *NUNC PRO TUNC*

**(This Order relates to Dkt. No. __)**

The Court, having considered the Debtor's Application to Employ Jones Murray & Beatty LLP *Nunc Pro Tunc* as general counsel ("Application"), any responses thereto, the evidence adduced at any hearing thereon, and the record in this case, finds that (a) the Court has jurisdiction under 28 U.S.C. § 1334; (b) this is a core proceeding under § 157(b); (c) Jones Murray & Beatty LLP is a "disinterested person" as defined in section 101(14); (d) the relief requested is in the best interest of the Debtor and its estate, creditors and other parties in interest; (e) notice of the motion was adequate under the circumstances; and (f) good cause exists to grant this relief requested.

Therefore, it is ORDERED THAT:

1.  The Debtor is authorized to employ Jones Murray & Beatty LLP on the terms set forth in the Application, as its general counsel in this case, effective as of February 4, 2019.

2.  Any compensation or reimbursement of expenses will be subject to final application under section 327, or as otherwise ordered by the Court.

Dated: _____

_____
Honorable Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE