THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROYCE J. HASSELL | § | Case No. 19-30694 |
| | § | (Chapter 11) |
| Debtor. | § | |

**MOTION TO SELL PROPERTY OF THE DEBTOR FREE AND CLEAR OF ALL LIENS CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(F)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NTOICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

A HEARING ON THIS MOTION HAS BEEN SET FOR <u>MAY 9, 2019 AT 9:00 A.M</u> BEFORE THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS, 515 RUSK, HOUSTON, TEXAS 77002, 4TH FLOOR, COURTROOM 404.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MARVIN ISGUR:

Royce J. Hassell, debtor-in-possession, in this chapter 11 case ("Debtor") hereby files this Motion to Sell Property of Debtor Free and Clear of All Liens Claims and Encumbrances Pursuant to 11 U.S.C. §363(f) ("Motion"), and respectfully represents the following:

1

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(M)(N) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order regarding this matter because the sale of assets in a chapter 11 case has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to the matter at hand.

## II. BACKGROUND

2. Royce J. Hassell (the "Debtor") commenced this case by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on February 4, 2019 ("Petition Date"). The Debtor continues to operate as a debtor-in-possession.

3. The Debtor owns real property known as 350.69 Acres FM 230, Trinity, Texas 75862 along with a mobile home, fences and like improvements on the Property (the "Property").[1]

4. JDSR Properties, LLC and/or its assigns ("Buyer") have offered to purchase the Property from the Debtor for the purchase price of $1,402,239 ("Purchase Price") pursuant to the terms of a Farm and Ranch Contract ("Contract") and subject to approval of a sale by this Court. Buyer has offered to purchase the Property "AS IS."

5. The Buyer has offered to pay the Purchase Price from cash and the Debtor has confirmed with the Buyer's banking institution that Buyer has the liquidity to consummate the purchase of the Property at the stated Purchase Price. There are no financing contingencies to the proposed transaction.

---

[1] The Property is described in more detail as the "350.69 Acres consisting of a 2.36 acre tract, a 19.924 acre tract, a 136.252 acre tract, and a 187.671 acre tract, in the Gordiano Badillo Survey, and the Jose Ortega Survey, Abstracts 2, 4, 30, and 34, and being more fully described in Volume 214, Page 682, Walker County Deed Records."

6. The Buyer has delivered $20,000 in earnest money to Walker County Title Company at 1224 University Avenue #101, Huntsville, Texas 77340.

7. The Contract provided for the closing of the sale to occur no later than August 30, 2019 in order to allow sufficient time to obtain appropriate approvals from this Court. Buyer agrees to close within 45 days after approval of the sale of the Property by this Court.

8. AMI Lenders, Inc. ("AMI") has a first lien deed of trust security interest in the Property. As of the date of filing this Motion, the Debtor believes that the AMI is owed approximately $486,537.59 and that interest is accruing $150.29 per diem. Once the exact closing date is set, AMI will provide the exact payoff to the title company.

9. Upon information and belief, there are some property taxes due on the Property for 2018 and pro-rated for 2019. The Debtor will obtain an exact payoff from the taxing authority but does not expect that amount to exceed $1,000.

10. Upon information and belief, there is still a second lien on the property recorded by James C. Hassell (the "Second Lien"). Counsel for the Debtor is in active discussions with counsel for James C. Hassell regarding release of the Second Lien. The Debtor asserts that the Second Lien has been declared void and should be released. Assuming the Second Lien is voluntarily released or otherwise avoided, there is significant equity in the Property that would materially advance the Debtor's ability to reorganize his financial affairs in this chapter 11 bankruptcy case.

### III. RELIEF REQUESTED

11. The Debtor seeks authority to sell the Property to Buyer AS IS, free and clear of all liens claims and encumbrances pursuant to 11 U.S.C. §363(f), for the Purchase Price of $1,402,239, and on the terms and conditions set forth in the Contract and as set forth in this Motion.

12. The Debtor also seeks authority to pay all ordinary costs of sale at the closing. There is no broker for this sale and therefore no commission to be paid.

13. In evaluating a sale of property free and clear of all liens and claims, a court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.; In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986).

14. The Debtor believes that the proposed sale to Buyer conforms to these requirements, and that the proposed sale is the best available option available to the estate and is in the best interest of the estate and its creditors. There is approximately $900,000 of equity in the Property. Accordingly all creditors with valid liens are adequately protected and their respective claims will be satisfied from the Purchase Price. The remaining equity will then be available for the Debtor to effect a plan to reorganize in this chapter 11 case.

15. The Property is currently encumbered by certain valid liens, including the deed of trust liens of AMI and the liens of ad valorem tax authorities, whose claims will be satisfied at a closing. Other than the Second Lien, which the Debtor believes will eventually be released or avoided, the Debtor is not aware of any other liens on the Property.

16. AMI, the taxing authorities, the Office of the Attorney General for the State of Texas, and the holder of the Second Lien will receive notice of this Motion in addition to all other parties entitled to receive notice under the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules. To the extent there are any unknown liens, such lien rights are adequately protected because the

Debtor seeks to sell the Property free and clear of all liens, claims and encumbrances except that liens will attach to proceeds from the sale of the Property.

## PRAYER

WHEREFORE, the Debtor prays that the Court enter an order authorizing him to (i) to sell the Property to Buyer AS IS pursuant to the terms of the Contract free and clear of all liens, claims and encumbrances; (ii) to pay AMI and any ad valorem tax authorities in full at the closing on the sale of the Property and to pay all ordinary costs of sale at the closing; (iii) and for such other and further relief to which he is entitled.

Dated: April 26, 2019.                                   Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Erin E. Jones
　　　　　　　　　　　　　　　　　　　　　　　　Erin E. Jones (TBN 24032478)
　　　　　　　　　　　　　　　　　　　　　　　　JONES MURRAY & BEATTY LLP
　　　　　　　　　　　　　　　　　　　　　　　　4119 Montrose, Suite 230
　　　　　　　　　　　　　　　　　　　　　　　　Houston, TX 77006
　　　　　　　　　　　　　　　　　　　　　　　　Tel. 832-529-1999
　　　　　　　　　　　　　　　　　　　　　　　　Fax. 832-529-3393
　　　　　　　　　　　　　　　　　　　　　　　　erin@jmbllp.com
　　　　　　　　　　　　　　　　　　　　　　　　COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served by electronic means on or before the 16th day of April 2019 and/or by U.S. Mail, postage prepaid, on those parties entitled to received service and those registered to receive service electronically via ECF/PACER as well as the interested parties listed in this Motion.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Erin E. Jones
　　　　　　　　　　　　　　　　　　　　　　　　Erin E. Jones