UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | |
| ROYCE J. HASSELL, | NO. 19-30694 |
| Debtor | Chapter 11 |

**OBJECTION OF ELBAR INVESTMENTS, INC.
TO CONFIRMATION OF THE DEBTOR'S PLAN OF REORGANIZATION**
**(doc 43)**

TO THE HONORABLE MARVIN ISGUR UNITED STATES BANKRUPTCY JUDGE:

Comes now Elbar Investments, Inc., and objects to confirmation of the Debtor's Plan of Reorganization (doc 43) and respectfully represents.

1. Elbar Investments, Inc. holds the prime mortgages and deeds of trust upon two of the Debtor's properties: 3417 Buffalo Speedway, Houston, Texas 77005, N 1/2 L 9 B 12 West University Place, house and 10,000 sqft lot, and 3421 Buffalo Speedway, Houston, Texas 77005, S 50' L9 B12 West University Place, house and 10,000 sqft lot.

2. These properties secure indebtedness owed by Royce J. Hassell to Elbar Investments, Inc. in the amount of $1,445,153.75 as of the petition date.

3. Under the Plan, Elbar Investments, Inc. is a holder of a Class 1 Secured Claim.

4. The Plan provides in Section D. that Class 1 Secured Claims are not impaired and that holders of allowed Secured Claims in Class 1 shall receive payment in an amount equal to the amount of their Allowed Secured Claim upon the sale of the Collateral securing its claim.

5. The discharge provisions of Section 5.14 of the Plan and the discharge injunction of Section 5.15 provide that upon confirmation all creditors are permanently enjoined from

commencing or continuing enforcement of any action or proceeding or any lien against the Debtor or the Debtor's assets.

6. But the Plan does not set an outside date or deadline by which the Debtor must sell the properties. So, Royce Hassell could remain in possession of the properties indefinitely and never sell them, and Elbar Investments, Inc., and other lien holders, would be forever barred from foreclosing their liens. The properties have already been on the market for a long time.

7. Therefore Elbar Investments, Inc.'s claim is impaired.

8. The Plan does not afford Elbar Investments, Inc. the indubitable equivalent of its collateral. The Plan does not comply with 11 U.S.C. § 1229(a)(7)(A)(ii), and § 1129(b)(1) and (2)(A) and should not be confirmed.

9. The Plan does not afford to Elbar Investments, Inc., or to other holders of Class 1 Secured Claims, whose claims are impaired, the right to vote to accept or to reject the Plan, and does not comply with 11 U.S.C. § 1126(a).

10. Either the Plan, or the Order Confirming Plan, should set a date certain by which the Debtor must complete the sale of the properties, after which Elbar Investments, Inc., and other holders of liens upon the properties, may then proceed to foreclose their mortgages and liens upon the properties. Elbar Investments, Inc. proposes that a deadline of six months after the Effective Date of the Plan to complete the sale of the properties would be reasonable.

Wherefore Elbar Investments, Inc. objects to confirmation of the Debtor's Plan of Reorganization (doc 43).

Respectfully submitted,

ROSS, BANKS, MAY, CRON & CAVIN, P.C.

By: *John Mayer*
John Mayer

Texas Bar Number 13274500  
7700 San Felipe, Suite 550  
Houston, Texas 77063  
Phone 713-626-1200  
Email jmayer@rossbanks.com  
Attorney for Elbar Investments, Inc.

## CERTIFICATE OF SERVICE

    I certify that true copies of the foregoing instrument were served upon all parties who have entered an appearance in this case by means of the Bankruptcy Court's CM/ECF system contemporaneously with filing on July 31, 2019.

.                                      */s/ John Mayer*  
                                         John Mayer