THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Royce J. Hassell | § § | Case No. 19-30694 |
| Debtor. | § | (Chapter 11) |

### DEBTOR'S APPLICATION TO EMPLOY
### PERDUE AND KIDD AS SPECIAL LITIGATION COUNSEL
### PURSUANT TO 11 U.S.C. §327

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Royce J. Hassell files this *Application to Employ Perdue & Kidd as Special Counsel Pursuant to 11 U.S.C. §327* ("*Application*"). In support thereof, the Debtor respectfully shows the following:

### RELIEF REQUESTED

1. The Debtor respectfully requests that he be granted the authority to employ Perdue & Kidd (the "Firm"), as special litigation counsel to represent the Debtor with respect to personal injury claims arising out of injures and damages as a result of an IVC Filter implantation and subsequent complications.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. This Court has constitutional authority to enter a final order regarding this matter because employment professional persons by a bankruptcy estate has no equivalent in state law; accordingly, the Supreme Court's opinion in *Stern v. Marshall* is in applicable.

## BACKGROUND

4. In February 3, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. [Doc. No. 1]

5. Subsequent to the Debtor filing his petition, the Debtor learned that the IVC filer that was implanted was recalled and had to have surgery on an emergency basis in June 2019 to have it removed.

6. The Debtor learned of potential claims relating to the IVC Filter implantation and subsequent complications and consulted with counsel to represent him on that basis.

## REQUEST AND BASIS FOR RELIEF

7. The Debtor has selected the Firm because of its extensive experience in matters related to personal injury claims with IVC filters. After consulting with the Firm, the Debtor determined that it was his best interest to move forward with employment of the Firm to represent him with regard to the IVC Filter implantation and subsequent complications. The Debtor believers that the Firm is prepared move forward without delay and is able to provide him with the legal expertise required to handle the matter effectively and prudently.

8. Jim Perdue will serve as lead counsel in this matter and is admitted to practice law in Texas as well as the United States District Court for the Southern District of Texas, among other federal courts. Jim Perdue is Board Certified by the Texas Board of Legal Specialization in Personal Injury Law and in Medical Professional Liability by the American Board of Professional Liability Attorneys. A copy of his biography detailing his experience and qualifications can be found https://www.perdueandkidd.com/lawyers/jim-m-perdue-jr/. Jim Perdue is a seasoned trial lawyer with significant litigation experience and expertise in personal injury law.

9. The Firm maintains offices at 777 Post Oak Blvd. Suite 450, Houston, Texas 77056. The Firm's main telephone number is (713) 520-2500.

10. Upon approval of the Firm's employment, the Firm will provide professional services which may include the following:

   a. assisting the Applicant in analyzing/prosecuting/etc. claims owned by the estate against responsible parties;

   b. preparing and filing such pleadings as are necessary to pursue the estate's claims against responsible parties;

   c. conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation;

   d. representing the Debtor in any adversary proceedings and other proceedings before the Court and in any other judicial or administrative proceeding in which the claims described herein may be affected;

   e. collecting a settlement and/or judgment that may be entered in the contemplated litigation;

   f. handling any appeals that may result from the contemplated litigation; and

    g.    performing any other legal services that may be appropriate in connection with the prosecution of the litigation described above.

11. To the best of the Debtor's knowledge and based on that which is disclosed in the Declaration of Jim Perdue ("Perdue Declaration")(attached hereto as Exhibit "A" and incorporated herein for all purposes), the Firm has no connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in therein.

12. By this Application, the Debtor seeks authority to compensate the Firm as follows: to pay Perdue & Kidd 40% of the gross amount received in settlement or judgment of the Debtor's claims and 45% after an appeal is initiated plus reimbursement of reasonable and necessary expenses. The Firm understands that is must file an application for compensation and secure an order from this Court authorizing compensation before the Firm can be compensated for services provided. The Debtor pays nothing if Perdue & Kidd does not recover any funds on behalf of the Debtor.

13. The contingent fee payment arrangement is beneficial to the estate and its creditors and the terms are both reasonable to prudent. The estate incurs no additional administrative expense without a direct correspondence benefit.

14. The Debtor believes that the Firm's employment is necessary and would be in the best interest of the estate. The Debtor has selected the Firm's for this reason and as an exercise of his business judgment.

## PRAYER

WHEREFORE, the debtor prays that he authorized to employ Perdue & Kidd to represent him on the terms and conditions set forth herein and for such other and further relief to which the Debtor is entitled.

Date: August 27, 2019                                       Respectfully submitted,

JONES MURRAY & BEATTY LLP
 /s/ Erin E. Jones
Erin E. Jones (TBN 24032478)
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that she caused a true and correct copy of the foregoing to be served on August 27, 2019 to all parties registered to receive service electronically via CM/ECF and to all other parties entitled to received notice under the Federal Bankruptcy Rules and Local Bankruptcy Rules via U.S. mail first class.

 /s/ Erin E. Jones