THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Royce J. Hassell | § § | Case No. 19-30694 |
| Debtor. | § § | (Chapter 11) |

### DEBTOR'S APPLICATION TO EMPLOY THE WILSON FIRM AS SPECIAL COUNSEL PURSUANT TO 11 USC §327

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

### Relief Requested

1. The Debtor asks the Court to enter the proposed order authorizing him to employ The Wilson Firm ("Firm") as his special counsel in this case pursuant to section 327(e) with compensation and reimbursement of expenses pursuant to application under section 330.

### Jurisdiction

2. The Court has jurisdiction under 28 U.S.C. § 1334. Venue is proper under §§ 1408-09. This is a core proceeding under § 157(b). Movant consents to final orders by this Court.

**Background**

3. The Debtor entered chapter 11 on February 4, 2019, in order to confirm a plan of reorganization through the strategic operation and sale of certain assets.

4. The Debtor retained Jones Murray & Beatty, LLP ("JMB") as his general bankruptcy counsel in this chapter 11 case to handle general bankruptcy matters that arise in connection with this case.

5. The Debtor also needs to retain special counsel to represent him in various tax specific matters that require the expertise of a tax lawyer.

6. The Debtor, as a debtor in possession, has determined in his business judgment that retention of the Firm as special counsel during this chapter 11 case is in the best interest of the estate and his creditors because the Firm is well qualified to provide the services required and necessary to resolve matters concerning the extent of any tax liability.

**Qualifications of the Firm**

7. The Firm is a Houston-based boutique tax law firm dedicated to helping individuals and businesses involved in disputes with governmental taxing authorities at the federal, state, and local levels. The lead attorney for this representation is Lee Wilson, a partner whose primary practice focus is on tax controversies. Mr. Wilson has an LLM in Taxation from the University of Florida.[1]

8. The Firm is a "disinterested person" as defined in section 101(14) and holds no interest adverse to the estate. The Firm has conducted a diligent inquiry and, except as disclosed herein and in the declaration of Lee Wilson filed in support of this application as Exhibit "A", has found no connection with the Debtor, any creditors appearing in the schedules or otherwise in the record in this case, any other known party-in-interest, their respective attorneys and accountants, the United

---

[1] Additional information regarding the Firm and Mr. Wilson's background can be found at https://www.thewilsonfirmpllc.com/

2

States Trustee, or any person employed in the office of the United States Trustee. The Firm discovered no conflicts and is not adverse to the Debtor with respect to the matter for which it is retained.

9. The Firm has not entered into any agreement to share fees with anyone.

## **Proposed Terms of Employment**

10. The Firm's employment by the Debtor would be subject in all respects to an order of this Court authorizing the proposed employment.

11. The Firm would provide legal services regarding:

- I.R.C. § 6672/Trust Fund Recovery Penalties related to the tax periods ending 03/31/2018 and 06/30/2018 pertaining to Royce J. Hassell and Silvia E. Hassell;
- Form 940/941/Payroll tax matters related to the tax periods ending 03/31/2018 and 06/30/2018 pertaining to R. Hassell Properties, Inc.; and
- Bankruptcy-related tax matters pertaining to R. Hassell Holding Co., Inc., R. Hassell & Co., and R. Hassell Builders

12. The Firm would seek reasonable compensation from the estate only for actual and necessary legal services as defined by the Bankruptcy Code and consistently with applicable guidance from the Office of the United States Trustee.

13. The Firm would seek compensation on an hourly basis at the rates it customarily charges to other clients both in and out of bankruptcy. The Firm's rates for attorneys is $350.00 per hour and Associate Attorneys is $275.00 per hour. The rate for paralegals at the Firm is $125 per hour. These rates are well within the wide range of rates charged by experienced practitioners advising on similar matters in this market.

14. The Firm would also seek reimbursement for out of pocket expenses incurred on the Debtor's behalf, but only to the extent they are reasonable and necessary, and only at actual cost. The engagement letter setting out more fully the terms of the representation is attached hereto as Exhibit "B."

**Prayer**

WHEREFORE, the Debtor asks the Court to enter the proposed order and grant such other relief as the Court may deep appropriate.

Dated: November 12, 2019.

JONES MURRAY & BEATTY LLP
  /s/ Erin E. Jones
Erin E. Jones (TBN 24032478)
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com

*Counsel for the Debtor-in-Possession*
