IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-30694 |
| | § | |
| ROYCE J. HASSELL, | § | |
| Debtor. | § | CHAPTER 11 |

**OBJECTION OF TRUSTMARK NATIONAL BANK TO
FIRST AMENDED COMBINED DISCLOSURE STATEMENT
AND PLAN OF REORGANIZATION OF ROYCE J. HASSELL**
[Ref: Doc. # 71]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, TRUSTMARK NATIONAL BANK ("Trustmark"), a secured creditor and party in interest, and for its Objection to First Amended Combined Disclosure Statement and Plan of Reorganization would respectfully show the Court as follows:

1. This objection is brought pursuant to 11 U.S.C. §§1123, 1124 and 1129.

2. On February 4, 2019, Debtor ROYCE J. HASSELL ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Bankruptcy Code.

3. Trustmark is the holder of a Note secured by a Deed of Trust upon real property owned by Debtor, commonly known as 5302 Maple Street, Bellaire, Harris County, Texas ("Mortgaged Property").

4. On February 4, 2019, Debtor filed his Schedule D and pursuant to said schedule the value of the Mortgaged Property is $2,100,000.00 exceeds the amount of indebtedness owed to Trustmark in the amount of $1,013,820.00. [Doc. # 4]

5. On March 19, 2019, Trustmark filed a secured proof of claim in the amount of $1,008,363.71, which includes copies of the Note, Deed of Trust, Renewal and Extension Rider, Assignment of Note and Liens, and Deed of Trust. [Claim # 10]

6. On November 5, 2019, Debtor filed his Schedule C, and the Mortgaged Property is claimed as an exempt homestead. [Doc. # 20]

7. On November 12, 2019, Debtor filed his First Amended Combined Disclosure Statement and Plan of Reorganization of Royce J. Hassell ("Plan"). [Doc. # 71]

8. The Plan provides -

> . . . the basis of the Debtor's Plan is to vest all non-exempt assets of the Debtor in a Reorganized Debtor upon the Effective Date of the Plan, which will be liquidated as needed to preserve the assets under the Plan, to pay the Administrative Claims in the Chapter 11 Case, and to pay holders of Allowed Claims as set forth in the Plan.

[Doc. # 71, pg. 22]

9. Pursuant to the Plan, as the holder of Class 1 Secured Claim, Trustmark's claim is unimpaired and thus, not entitled to vote on the Plan. [Doc. # 71, pg. 24]

10. The Plan, without distinction for Class 1 Secured Claims secured by exempt or non-exempt property, provides that -

> holders of Allowed Secured Claims in Class 1 shall retain their liens upon confirmation of the Plan, shall receive interest payments at the contractual rate pending payment in an amount equal to the amount of their Allowed Secured Claim upon the sale of the Collateral securing its claim.

[Doc. # 71, pg. 24]

11. The Note held by Trustmark specifically provides for 360 monthly payments of principal and interest over the term of the Note with a final payment due May 1, 2048.

12. Because the Plan provides that Trustmark, as the holder of an Allowed Secured Class 1 Claim will receive payment of interest pending the sale of the Collateral securing its claim, the Plan improperly impairs Trustmark's Class 1 Secured Claim. 11 U.S.C. §1124(1); *Ultra Petroleum Corp. v. Ad Hoc Comm. of Unsecured Creditors of Ultra Res., Inc. (In re Ultra Petroleum Corp.)*, 913 F.3d 533, 539 (5th Cir. 2019).

13. To the extent that the Plan impairs Trustmark's Class 1 Secured Claim, the Plan may not be confirmed because Trustmark is deprived of its right to vote on the Plan. 11 U.S.C. §1126(a).

14. The Plan does not afford Trustmark the indubitable equivalent of its Collateral. The Plan does not comply with 11 U.S.C. § 1229(a)(7)(A)(ii), and § 1129(b)(1) and (2)(A) and should not be confirmed.

WHEREFORE, PREMISES CONSIDERED, TRUSTMARK NATIONAL BANK moves the Court to enter an order sustaining the foregoing Objection to Confirmation of Debtor's Chapter 11 Plan, and denying confirmation of the Plan filed herein by Debtor ROYCE J. HASSELL, and further, that Trustmark have such other and further relief, legal and equitable, to which it may be justly entitled.

Respectfully submitted,

DONALD L. TURBYFILL
State Bar of Texas # 20296380
ATTORNEY FOR SECURED CREDITOR
TRUSTMARK NATIONAL BANK

OF COUNSEL:
DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.
5120 Woodway, Suite 9000
Houston, Texas  77056-1725
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
DTURBYFILL@DNTLAW.COM [E-MAIL]

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019, I served a true and correct copy of the above and foregoing **OBJECTION OF TRUSTMARK NATIONAL BANK TO FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF ROYCE J. HASSELL** by the following means:

**(1)  Counsel for Debtor (via ECF)**
Erin E. Jones
erin@jmbllp.com [E-MAIL]
Jones Murray & Beatty LLP
4119 Montrose Blvd., Suite 230
Houston, Texas 77006
(832) 529-1999 [PHONE]
ATTORNEY FOR DEBTOR
ROYCE JAMES HASSELL

**(2)  Debtor (by regular first class mail)**
ROYCE JAMES HASSELL
5302 Maple
Houston, Texas 77041
DEBTOR

**(3)  The United States Trustee (via ECF)**
Office of the United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 [PHONE]
UNITED STATES TRUSTEE

Hector Duran, Jr.
Hector.Duran.Jr@usdoj.gov [E-MAIL]
Stephen Douglas Statham
stephen.statham@usdoj.gov [E-MAIL]
515 Rusk, Suite 3516
Houston, Texas 77002
ATTORNEYS FOR
UNITED STATES TRUSTEE

**(4)  Parties Requesting Notice of Service (via ECF)**

_/s/ Donald L. Turbyfill_
DONALD L. TURBYFILL