**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ROYCE J. HASSELL,** | § | **Case No: 19-30694** |
| | § | **Chapter 11** |
| **Debtors.** | § | |

## MOTION TO APPOINT CHAPTER 11 TRUSTEE AND
## OBJECTIONS TO FIRST AMENDED PLAN OF REORGANIZATION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

NOW COMES, HASSELL CONSTRUCTION COMPANY, INC., ("HCCI"), a creditor and party-in-interest, and in support of this motion and objections, shows as follows:

1.      This motion is brought pursuant to the provisions of 28 U.S.C. section 1104(a) and the objections are made pursuant to 28 U.S.C. section 1129(a)(3), (a)(7)(A)(i) and (ii), and (a)(11)[1].

2.      Section 1104(a) provides, in pertinent part, as follows:

> **(a)** At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--

---

[1] HCCI reserves the right to object under additional subsections, should they become applicable after further inquiry.

1

(**1**) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(**2**) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

3.      Grounds for "cause" for appointing Chapter 11 trustee are not limited to those enumerated in the Bankruptcy Code provision stating that cause exists when debtor engages in fraud, dishonesty, incompetence, or gross mismanagement;  cause can consist of other factors, including actual conflict of interest.  *In re Cajun Elec. Power Co-op., Inc.*, M.D.La.1995, 191 B.R. 659, vacated 69 F.3d 746 (opinion withdrawn in part on rehearing) 74 F.3d 599 (rehearing and suggestion for rehearing en banc denied) 83 F.3d 421(certiorari denied), 117 S.Ct. 51, 519 U.S. 808, 136 L.Ed.2d 15.

4.      In determining whether appointment of Chapter 11 trustee is in best interest of creditors or estate, the court may consider:  trustworthiness of debtor;  debtor in possession's past and present performance and prospects for debtor's rehabilitation;  confidence, or lack thereof, of business community and of creditors in present management;  and benefits derived by appointment of trustee balanced against cost of appointment.  *In re Cajun Elec. Power Co-op., Inc.*, M.D.La.1995, 191 B.R. 659, vacated 69 F.3d 746 (opinion withdrawn in part on rehearing), 74 F.3d 599 (rehearing and suggestion for rehearing en banc denied), 83 F.3d 421 (certiorari denied), 117 S.Ct. 51, 519 U.S. 808, 136 L.Ed.2d 15.

5.      Although appointment of trustee in a Chapter 11 proceeding should be the exception rather than rule, the decision to appoint a trustee is within discretion of bankruptcy court.  *In re Sullivan*, Bkrtcy.E.D.Pa.1989, 108 B.R. 555.

6.      Considerations in determining whether to appoint a reorganization trustee under this section are not limited to such cause as enumerated in this section and the court has discretionary power to appoint a trustee when necessary to protect rights of creditors.   *In re Ford*, Bkrtcy.W.D.Ky.1983, 36 B.R. 501.

7.      The debtor, Royce Hassell, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 4, 2019.

8.      The Bar date in this matter was June 12, 2019.

9.      On June 4, 2019, the debtor filed his Plan of Reorganization[2] (the "Plan"). This Plan alleged that there exists approximately $8MM worth of real estate holdings, and approximately $4MM in secured claims. Therefore, the debtor alleges that after payment of the secured claims and some minor priority claims, there will remain approximately $4MM in equity. At the time of the filing of the Plan, only approximately $600K in unsecured claims were disclosed, and approximately half were alleged to be disputed. The debtor claimed an easy path towards reorganization.

10.      That may have all been sufficiently true on June 4th, however, dramatically changed on June 12th when additional POCs were filed.

11.      Specifically, as of June 12th at midnight, the total claims filed jumped to over $15MM.

12.      Several of the POCs assert claims based on the fraud and/or misapplication of trust funds received on the part of the debtor.[3]

---

[2] Dkt #43
[3] See POCs filed by ARGOS (Claim # 26); TOTAL LIME (Claim #13); TEJANO (Claim #14); JASSO (Claim #28); and PROCON (Claim #25).

13.     One of the POCs, filed by Hanover Insurance Company, the bonding company for one of the debtor's construction companies, evidences how the debtor mismanaged his business.

14.     On November 12th, 2019, the debtor filed his First Amended Combined Disclosure Statement and Plan of Reorganization. ("Amended Plan").[4]

15.     Debtor's reorganization efforts seem to be concentrated in pursuing:

(a)     existing litigation[5] and planning for extensive future litigation.[6] In that regard, he convinced the trustee of three of his companies, RHHC, RHC and RHB,[7] to abandon to him and his wife causes of actions which the debtor claims exist (and which the trustee has informed the Court, that he doesn't understand and doesn't believe exist, however, abandoned them in order to obtain the debtor and his wife's consent to a settlement). Further, as shown on **Exhibit A**, attached hereto, the debtor believes that he has claims and counter-claims against several dozen individuals and entities. Clearly, since the estates of RHHC, RHC and RHB will have no assets to distribute to the debtor or his wife, it must be assumed that the source of funds to pursue the existing litigation and to file and pursue new lawsuits will be derived from the debtor's estate.

(b)     Residential construction.[8]

(c)     Commercial development of mini storage facilities in Montgomery County.[9]

---

[4] Dkt. #71.
[5] Two adversaries removed a state court case and an appeal, Case Numbers 19-03452 and 19-03453. The debtor also filed a suggestion of bankruptcy in a state court case filed by his spouse, Silvia Hassell, claiming an interest in her claims against several companies and individuals.
[6] See Amended Schedules, at pages 21-23, and Exhibit A, attached hereto.
[7] These three companies are currently in Chapter 7. RHHC Case Number 18-33541; RHC Case Number 18-33608; RHB Case Number 18-33619
[8] See Amended Plan at page 23.
[9] See Amended Plan at page 23.

16.     Elbar Investments, Inc's[10] recently filed objections to the Amended Plan addresses the effects upon creditors of some of the proposed litigation and proposed future construction ambitions of the debtor, and HCCI hereby adopts those arguments.

17.     Additionally, HCCI asks the Court to consider the following as a non-exhaustive list of reasons in support of the appointment of a Chapter 11 trustee:

(a)   Three of the debtor's companies, RHHC, RHC and RHB, are in Chapter 7 bankruptcy;

(b)   Another of the debtor's companies, R. Hassell Properties, Inc., ceased operations and its construction projects taken over by the bonding company, Hanover Insurance Company;

(c)   Several of the POCs, assert claims based on the fraud and/or misapplication of trust funds received, on the part of the debtor.

(d)   Debtor is not and cannot be an objective assessor of the validity of claims asserted against him, nor the ones he "believes" he has against others;  he is proposing the investigation of and litigation against several dozen individuals and entities, including, but not limited to, attorneys, accountants, vendors, suppliers, partners, and insurance companies (see Exhibit A);

(e)   A long running dispute between the debtor, debtor's companies, and HCCI was settled fairly quickly just after the appointment of a Chapter 7 trustee;

(f)   The debtor and debtor's spouse, who is proposed to be involved in evaluating and prosecuting litigation against the dozens of persons and entities listed on Exhibit A, have sufficient conflicts which would prevent them from making decisions

---

[10] See Dkt. #74

which are in the best interest of the creditors, and not influenced by the acrimony they have exhibited in their dealings not only with family members, but also many professionals whom they are now blaming for their financial problems; e.g. Locke Lord, once trusted attorneys, are now foes; Felicia Harris, once trusted attorneys, is now a foe; Leonard Simon, once trusted attorney, is now a foe; Terry Tauriello, once trusted partner, is now a foe;

18.    HCCI, respectfully suggests that these facts alone support the appointment of a trustee. <u>Simply put, the debtor should not be in charge given these circumstances</u>.

19.    HCCI also requests that sufficient time be allowed before this matter is set for a hearing, to conduct written discovery and the examination of the debtor, in order to develop all the facts necessary to support the appointment of a Chapter 11 trustee.

WHEREFORE, PREMISES CONSIDERED, HCCI respectfully requests that its motion be set for hearing, and that it be granted the relief sought herein and such other and further relief to which it may show itself justly entitled, in law and equity.

Respectfully submitted,

RENTEA & ASSOCIATES

*/s/ Bogdan Rentea*
Bogdan Rentea
State Bar No. 16781000
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
Tele: (512) 472-6291
Fax: (512) 472-6278
brentea@rentealaw.com

ATTORNEY FOR HASSELL
CONSTRUCTION COMPANY, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of November, 2019, a true and correct copy of the foregoing *Motion to Appoint Chapter 11 Trustee and Objection to First Amended Plan of Reorganization* has been served upon parties in interest via electronic means as listed on the ECF noticing system.


*/s/ Bogdan Rentea*
Bogdan Rentea