UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| IN RE: | |
|---|---|
| ROYCE J. HASSELL, | NO. 19-30694 |
| Debtor | Chapter 11 |

**MOTION OF ELBAR INVESTMENTS, INC.
TO CONVERT CASE TO CHAPTER 7**

TO THE DEBTOR AND ALL PARTIES IN INTEREST

    This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

    Represented parties should act through their attorney.

    There will be a hearing on this motion on January 8, 2020 at 9:00 AM in Courtroom 404, United States Federal Building, 515 Rusk Ave., Houston, Texas 77002.

TO THE HONORABLE MARVIN ISGUR UNITED STATES BANKRUPTCY JUDGE:

    Comes now Elbar Investments Inc., a creditor and party in interest, and moves to convert this case to Chapter 7 pursuant to Bankruptcy Code Section 1112(b) and respectfully represents:

    1.  On February 4, 2019, Royce J. Hassell (the "Debtor") filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code with this court and continues as a debtor in possession at this time.

    2.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1334 and Section 157.  This is a core proceeding pursuant to 28 U.S.C. Section 157(A) and (O).

3. There is no reasonable likelihood that a plan will be confirmed within a reasonable time. The case has been pending for ten months and the Debtor has not proposed a confirmable plan of reorganization.

4. Cause exists to convert the case to Chapter 7 under Bankruptcy Code Section 1112(b)(2) and (4)(A). There is substantial and continuing diminution of the estate and no reasonable likelihood of rehabilitation.

5. The purpose of Chapter 11 is to preserve the going concern value and good will of the Debtor's business for the benefit of his creditors. Royce J. Hassell does not have an ongoing business enterprise or good will to preserve, and the estate has no income.

6. The property of the estate consist of two properties located at 6417 Buffalo Speedway and 6421 Buffalo Speedway, in West University, Texas and approximately $850,000 in funds received from the sale of a third property which belonged to the Debtor. The houses on the Buffalo Speedway properties are in disrepair and are not occupied and do not generate any income from rents. The houses are not being maintained and continue to deteriorate. Both have been for sale for a long time.

7. 6417 and 6421 Buffalo Speedway are two 10,000 square foot adjoining lots and the lot value of the properties at current West University market prices would be approximately $1.8 million to $2 million.

8. The Debtors' proposed First Amended Chapter 11 Plan proposed to tear down the house on 6421 Buffalo Speedway and use estate funds to construct a new house on the property, an (doc 71, page 23). This is an admission that the structure has no value and the property should be considered to be a tear down and is sellable for only lot value. The estate is incurring expenses for insurance premiums for insurance on the Buffalo Speedway properties. However

the policies do not contain vacancy endorsements, and the houses on the properties are effectively uninsured. This is a further admission that the structures have no value.

9. The secured claims secured by the Buffalo Speedway properties, as of the date of the Debtor's petition are:

| | |
|---|---|
| Elbar Investments, Inc. | $1,445,153.75 |
| Harris County, et al. | $343,189.36 |
| Total: | $1,788,343.11 |

10. Secured claims upon the Buffalo Speedway properties continue to grow as time passes through accrual of interest and penalties. Elbar Investments, Inc. holds an allowed over secured claim, secured by Deeds of Trust upon the Buffalo Speedway Properties, in the amount of $1,445,153.75 with post-petition interest on the notes composing its claim at annual rates of 6.0%, 5.25% and 5.80% per annum, pursuant to the Order Granting the Motion of Elbar Investments, Inc. for Allowance of Post-Petition Interest (doc 66). Tax liens exist upon the Buffalo Speedway properties for unpaid property taxes assessed upon the properties by Harris County, Houston ISD and West University Place for the years 2016, 2017, and 2018 and interest and penalties, in the amount of $343,189.36 as of the date of the Debtor's petition, as evidenced by the Proof of Claim filed by Harris County, et al, (Claim No. 1). The tax lien has first priority over all other liens upon the Buffalo Speedway properties, pursuant to Texas Property Tax Code Sections 32.001 and 32.05. Interest continues to accrue upon the taxes, penalties and interest for 2016, 207 and 2018 at the rate of 1% per month. In addition property taxes assessed upon the Buffalo Speedway properties for 2019 are now due, and if not paid by February 1, 2020, interest and penalties will begin to accrue monthly up to 15% of the 2019 taxes by June 30, 2020, plus interest thereafter at 1% per month. Furthermore, the tax lien for taxes to be assessed upon the

Buffalo Speedway properties for 2020 will attach on January 1, 2020, and will be an additional priority lien upon the properties.

11. The post-petition interest on Elbar Financial, Inc.'s over secured claim and the property taxes, penalties, and interest which have accrued and continue to accrue upon the Buffalo Speedway properties, are substantial amounts, and have diminished the value of the estate's interest in the properties, and will continue to do so in the future, to the detriment of creditors holding unsecured claims. The following table sets forth the amounts:

|  | Amount | Rate | Monthly |
|---|---|---|---|
| Elbar Investments, Inc. |  |  |  |
| Note 1 | $1,120,908.54 | 6.00% | $5,604.54 |
| Note 2 | $304,653.78 | 5.25% | $1,332.86 |
| Note 3 | $19,591.43 | 5.80% | $94.69 |
|  |  |  |  |
| Harris County Taxes Penalties and Interest |  |  |  |
| 2016, 2017 and 2018 | $343,189.36 | 12.00% | $3,431.89 |
|  |  |  |  |
| 2019 - 6417 Buffalo Speedway | $41,094.59 |  |  |
| penalties and interest by 6/30/2020 |  | $6,164.19 |  |
| interest after 6/30/2020 |  | 12.00% | $472.59 |
|  |  |  |  |
| 2020 - 6417 Buffalo Speedway | $41,094.59 | 12.00% | $410.95 |
|  |  |  |  |
| 2019 - 6420 Buffalo Speedway | $23,624.41 |  | $236.24 |
| penalties and interest by 6/30/2020 |  | $3,543.66 |  |
| interest after 6/30/2020 |  | 12.00% | $271.68 |
|  |  |  |  |
| 2020 - 6421 Buffalo Speedway | $23,624.41 | 12.00% | $236.24 |
|  |  |  |  |
|  |  |  |  |
| Total Additional Tax Penalties |  | $9,707.85 |  |
|  |  |  |  |
| Total Interest Accruing Per Month |  |  | $12,091.69 |

12. The interest which continues to accrue and the additional property taxes and penalties will exhaust the estate's equity in the Buffalo Speedway properties if the properties are not sold promptly.

13. The Buffalo Speedway properties can be sold if properly priced. The Debtor has not been able to sell the properties because the asking prices are too high. Meanwhile the estates interest in the Buffalo Speedway properties continues to diminish through accrual of post-petition interest and tax penalties.

Wherefore, premises considered, Elbar Investments, Inc. prays that the Court convert this case to Chapter 7 and appoint a trustee.

Respectfully submitted,

ROSS, BANKS, MAY, CRON & CAVIN, P.C.

By: *John Mayer*
John Mayer
Texas Bar Number 13274500
7700 San Felipe, Suite 550
Houston, Texas 77063
Phone 713-626-1200
Email jmayer@rossbanks.com
Attorney for Elbar Investments, Inc.

**CERTIFICATE OF SERVICE**

I certify that true copies of the foregoing instrument were served upon all parties who have entered an appearance in this case by means of the Bankruptcy Court's CM/ECF system contemporaneously with filing on December 9, 2019.

*John Mayer*
John Mayer