UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE JAMES HASSELL | § | Case No. 19-30694 |
| | § | |
| Debtor. | § | Chapter 11 |

## HANOVER INSURANCE COMPANY'S JOINDER TO HASSELL CONSTRUCTION COMPANY, INC.'S MOTION TO APPOINT CHAPTER 11 TRUSTEE OR, ALTERNATIVELY, JOINDER TO ELBAR INVESTMENTS' MOTION TO CONVERT CASE TO CHAPTER 7
### [RELATES TO DOCKET NOS. 77, 78, and 81]

TO THE HONORABLE MARVIN ISGUR UNITED STATES BANKRUPTCY JUDGE:

The Hanover Insurance Company ("Hanover") requests appointment of a Chapter 11 trustee or conversion of this case to Chapter 7. Hanover joins the Motion of HCCI [Dkt. No. 77 and 78] to appoint a Chapter 11 trustee but does not adopt all of the reasons set forth by HCCI. Alternatively, Hanover joins the Motion of Elbar Investments to convert to Chapter 7 [Dkt. No. 81].

### JOINDER OF MOTIONS

1. Hanover concurs that a Chapter 11 trustee should be appointed for three mutually exclusive reasons: for cause; for the best interest of the creditors and estate as a whole; and because grounds exist to convert the case to Chapter 7.

2. Under section 1104(a)(1), the court is required to appoint a trustee upon a finding of "cause," including fraud, dishonesty, incompetence or gross mismanagement of the debtor. 11 U.S.C.A. § 1104(a)(i). Here, cause exists because of the unwillingness or inability of management to pursue the estate's causes of action (which are vaguely described). *In re Nartron Corp.*, 330 B.R. 573 (Bankr. W.D. Mich. 2005) (given the acrimony between the parties, as well as the

conduct of debtor's management). The disclosure of the debtor has already been rejected by the Court. Cause also exists because of waste or squandering of estate assets. *In re Lowenschuss,* 171 F.3d 673 (9th Cir.1999). These grounds are described in more detail in Hanover's Objection to First Amended Disclosure Statement and Plan [Dkt. No. 77].

3. Appointment of a trustee would be in the best interest of the creditors, equity security holders, and the estate as a whole. 11 U.S.C.A. § 1104(a)(ii). As the Court is well aware, the related bankruptcies had trustees appointed, which benefited the creditors, equity holders, and the estates.

4. Grounds also exist for conversion of the case to Chapter 7, which is another, mutually exclusive reason for appointing a Chapter 11 trustee. 11 U.S.C.A. § 1104(a)(iii). *See* Dkt. No. 81. The disclosure statement has been denied. There is not a confirmable plan on file. The bankruptcy has been pending for ten months, and the Debtor has not proposed a confirmable plan of reorganization. There is substantial and continuing diminution of estate and no reasonable likelihood of rehabilitation. The estate interest in the properties also continues to diminish through accrual of post-petition interest and tax penalties. Accordingly, for this reason alone, a Chapter 11 trustee should be appointed.

5. If the Court denies the motion to appoint a Chapter 11 trustee, Hanover joins the Motion of Elbar Investments to convert the case to Chapter 7. *See* Dkt. No. 81.

### REQUEST FOR RELIEF

Hanover respectfully requests that the Court appoint a Chapter 11 trustee. Alternatively, Hanover requests that the court convert the case to Chapter 7.

Dated: December 18, 2019    Respectfully submitted,

**Langley LLP**

By: /s/ *Brandon K. Bains*
    Brandon K. Bains
    State Bar No. 24050126
    1301 Solana Blvd
    Building 1, Suite 1545
    Westlake, Texas 76262
    Telephone: 214.722.7160
    Facsimile:  214.722.7161
    bbains@l-llp.com

**ATTORNEYS FOR THE HANOVER INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served electronically by the Court's ECF System on all parties registered to receive such service on the 18th day December 2019.

 /s/ Brandon K. Bains
Brandon K. Bains