THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| ROYCE J. HASSELL § | Case No. 19-30694 |
| § | (Chapter 11) |
| Debtor. § | |

**EMERGENCY MOTION TO SELL PROPERTY OF THE DEBTOR
FREE AND CLEAR OF ALL LIENS CLAIMS AND ENCUMBRANCES
<u>PURSUANT TO 11 U.S.C. §363(F)</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NTOICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MARVIN ISGUR:**

Royce J. Hassell, debtor-in-possession, in this chapter 11 case ("Debtor") hereby files this Motion to Sell Property of Debtor Free and Clear of All Liens Claims and Encumbrances Pursuant to 11 U.S.C. §363(f) ("Motion"), and respectfully represents the following:

1

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(M)(N) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order regarding this matter because the sale of assets in a chapter 11 case has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to the matter at hand.

## II. BACKGROUND

2. Royce J. Hassell (the "Debtor") commenced this case by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on February 4, 2019 ("Petition Date"). The Debtor continues to operate as a debtor-in-possession.

3. The Debtor owns real property described at Tract 9A, Block 12, City of West University, County of Harris, Texas, known as 6421 Buffalo Speedway 77055 (the "Property").

4. The Debtor seeks authority to sell the Property on an "AS IS WHERE IS" basis pursuant to the terms of a One to Four Family Residential Contract (Resale) (the "Contract") and subject to approval of a sale by this Court.[1]  Dr. Sonia Labarinas Prado and Oscar Cousillas (the "Buyers") have offered to purchase the Property from the Debtor for the purchase price of $815,000 (the "Purchase Price") pursuant to the terms of the Contract and subject to approval of a sale by this Court.

5. The Buyer's offer to purchase the Property was presented to the Debtor by Eric Campbell of Coldwell Banker United Realtors, whose application for employment is pending before this Court (*See* Application to Retain, filed at Dkt. No. 82). The Buyers have offered to pay the

---

[11] *See* Contract, pg. 4 at para. 7D(1) and pg. 5 at para. 11.

2

Purchase Price to purchase the Property, subject to a 20-day option period[2], obtaining third-party financing[3], and with a proposed closing date of February 14, 2020[4]. To stay on track with a proposed February 14, 2020 closing, the Debtor has filed this motion as an emergency motion.

6. Pursuant to the terms of the Contract, the Buyers will deliver $8,000 in earnest money to Chicago Title Company at 6575 West Loop South #150, Bellaire, Texas 77401 c/o Elizabeth Cunningham to be held in escrow pending the sale of the Property[5]. If the Buyers terminate the Contract before the expiration of the option period, all but $300 of the earnest money is refundable to the Buyers. If the Buyers terminate the Contact after the expiration of the option period, the $8,000 in earnest money is forfeited to the Debtor.

8. Elbar Investments Inc. ("Elbar") has a first lien deed of trust security interest in the Property as well as another piece of real property owned by the Debtor. As of the Petition Date, Elbar had a claim for $1,445,153.75.[6] Elbar's debt is based on five different notes (with varied interest rates) and is secured by two pieces of real property owed by the Debtor, one of which is the Property which is the subject of this Motion. Elbar is over-secured in its collateral and its claim is accruing interest at varying rates on a post-petition basis.

9. Harris County *et. al.* ("Harris County") has a statutory lien on the Property and has filed two proofs of claim in the official claims register in this case (Claim No. 1 and 3) indicating that $96,878.63 is due for 2018 and 2019 ad valorem taxes on the Property and $1,481.75 is due for court costs.

10. The Debtor is not aware of any other liens on the Property other than Harris County and Elbar.

---

[2] *See* Contract, pg. 8, para. 23.
[3] *See* Contract, pg. 7 at para. 22, and pgs. 11-12 (Third Party Financing Addendum).
[4] *See* Contract, pg. 5 at para. 9. The proposed closing date of 2/14/20 is the reason why emergency relief is requested.
[5] *See* Contract, pg. 1 at para. 5 and pg. 8, para. 23.
[6] *See* Order Allowing Claim, Dkt. No. 66.

### III. RELIEF REQUESTED

10. The Debtor seeks authority to sell the Property to Buyers AS IS, free and clear of all liens claims and encumbrances pursuant to 11 U.S.C. §363(f), for the Purchase Price of $815,000 and on the terms and conditions set forth in the Contract and as set forth in this Motion.

11. In this Motion, the Debtor also seeks authority to pay (i) all ordinary costs of sale at the closing, including the broker commission in the amount of 3%; (ii) all amounts due to Harris County in relation to this Property through the closing date; and (iii) all remaining sale proceeds to Elbar to reduce its claim against the Debtor.

12. In evaluating a sale of property free and clear of all liens and claims, a court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.; In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986).

13. Harris County Appraisal District indicates the following values for the Property for 2018:

| Land | Improvement | Total |
|---|---|---|
| $800,000.00 | $168,280.00 | $968,280.00 |

14. Harris County Appraisal District indicates the following values for the Property for 2019:

| Land | Improvement | Total |
|---|---|---|
| $960,000.00 | $132,270.00 | $1,092,270.00 |

15. The Debtor has filed an application to employ Coldwell Banker/Eric Campbell, who is recommending a listing price of $865,000 for the Property. While the HCAD values appear to be higher than this amount, the Debtor believes that the broker has a better understanding of the market conditions with respect to the sale of the Property and therefore believes that the Purchase Price is within the range of reasonable prices for sale of the Proeprty.

16. The Debtor believes that the proposed sale to Buyers conforms to these requirements, and that the proposed sale is the best available option available to the estate and is in the best interest of the estate and its creditors. All creditors with valid liens are adequately protected and their respective claims will be satisfied from the Purchase Price and/or their lien will attach to the proceeds of the sale of the Property.

17. Elbar's claim against the Debtor is collateralized by two pieces of real property owned by the Debtor –6421 Buffalo Speedway (i.e. the Property that is the subject of this Motion) and another piece of real property located at 6417 Buffalo Speedway. While there will be no "equity" for the estate from the sale of the Property, it will substantially reduce Elbar's claim, which will make more equity available to the estate after the sale of the other piece of property owned by the Debtor and on which Elbar has a lien. The Debtor estimates that Elbar will receive approximately $650,000 to $680,000 of the Purchase Price (after payment of the costs of the sale, the broker's commission, and the claims of Harris County). The remainder of Elbar's claim will paid once the property 6417 Buffalo Speedway is sold. Elbar continues to be adequately protected and over-secured in its collateral, as does Harris County. Even though the sale of the Property does not pay Elbar's claim in full, it provides value to the estate by paying down Elbar's claim and reducing the accrual of interest pending a sale of 6417 Buffalo Speedway. This will ultimately result in more equity from the sale of 6417 Buffalo Speedway being available for unsecured creditors.

18. The Debtor will obtain exact payoffs from Elbar's counsel but prepared an estimate of Elbar's claim, including post-petition interest on the proposed closing date for the sale of the Property:

|  | Principal / Petition Date | Interest Rate | Per Diem | No. Days from Petition Date to Closing Date | Estimated Due at Closing |
|---|---|---|---|---|---|
| **Note 1, 2,4** | $1,120,908.54 | 6.00% | $184.26 | 375 | $1,190,005.64 |
| **Note 3** | $304,653.78 | 5.25% | $43.82 | 375 | $321,086.30 |
| **Note 5** | $19,591.43 | 5.80% | $3.11 | 375 | $20,758.86 |
|  | **$1,445,153.75** |  |  |  | **$1,531,850.81** |

19. Elbar, Harris County, the Office of the Attorney General for the State of Texas, and the United States Trustee's Office will receive notice of this Motion in addition to all other parties entitled to receive notice under the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules. To the extent there are any unknown liens, such lien rights are adequately protected because the Debtor seeks to sell the Property free and clear of all liens, claims and encumbrances except that liens will attach to proceeds from the sale of the Property.

## **PRAYER**

WHEREFORE, the Debtor prays that the Court enter an order authorizing him to (i) to sell the Property to Buyers AS IS pursuant to the terms of the Contract free and clear of all liens, claims and encumbrances; (ii) to pay ad valorem tax authorities, all ordinary costs of sale at the closing, and the broker commission in full at the closing on the sale of the Property; (iii) to pay the remaining proceeds from the sale of the Property to Elbar; and (iv) for such other and further relief to which he is entitled.

Dated: December 30, 2019.                    Respectfully submitted,

*/s/ Erin E. Jones*
Erin E. Jones (TBN 24032478)
JONES MURRAY & BEATTY LLP
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com
COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served by electronic means on or before the 30th day of December 2019 and/or by U.S. Mail, postage prepaid, on those parties entitled to received service and those registered to receive service electronically via ECF/PACER as well as the interested parties listed in this Motion.

*/s/ Erin E. Jones*
Erin E. Jones