UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| IN RE: | |
|---|---|
| ROYCE J. HASSELL, | NO. 19-30694 |
| Debtor | Chapter 11 |

### OJBECTION OF ELBAR INVESTMENTS, INC. TO THE DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF REORGANIZATION
(doc 120)

TO THE HONORABLE MARVIN I. ISGUR UNITED STATES BANKRUPTCY JUDGE:

On January 14, 2020, the Debtor filed the Debtor's Second Amended Plan of Reorganization and Second Amended Disclosure Statement (doc 120, "Debtor's Second Amended Disclosure Statement and Plan").  A hearing to consider the Disclosure Statement is scheduled for January 24, 2020 at 10:00 am.

1.  Elbar Investments, Inc holds an allowed secured claim secured by deeds of trust upon two of the Debtor's properties:  6417 Buffalo Speedway and 6421 Buffalo Speedway, Houston, Texas.  The amount of Elbar Investments, Inc.'s claim as of the petition date is $1,445,153.76.  Elbar Financial, Inc. is over secured.  The Debtor's Motion for Authorization to Sell 6421 Buffalo Speedway was granted by the court, and a sale of the property is pending.

2.  The provisions of the Second Amended Disclosure Statement and Plan for Elbar Investments, Inc. are set out on pages 28 and 29.  Elbar Investments, Inc. objects to these provisions on the following grounds:

3.  The Debtor's Second Amended Disclosure Statement and Plan says that this plan incorporates an agreement with Elbar.  While it is true that the Debtor and Elbar Investments, Inc. are negotiating and seeking to make an agreement, and will continue to do so, an agreement

has not yet been reached, and the plan should not be considered to be a consensual plan at this time.

4. The plan provision is vague as to what interest and principal payments the Debtor proposes to make to Elbar Investments, Inc. pending sale of the Buffalo Speedway properties, and when the payments will be made. The dates and amounts should be stated with specificity.

5. The plan provision is vague as to when Elbar Investments, Inc. may complete state law prerequisites to a foreclosure sale and serve a notice of substitute trustee sale and when Elbar Investments, Inc. may proceed to foreclose its deeds of trust, in the event that the properties in question have not been sold. The dates should be specified.

6. There is no reason to require Elbar Investments, Inc. to file a motion and ask the Court for permission to foreclose after the date on which the plan injunction will expire has passed.

7. A provision should be added that the plan injunction will expire as to the property tax lien of Harris County on the properties in question on the same date and on the same conditions on which the plan injunction will expire as to Elbar Investments, Inc.

8. There is no provision for escrow of a monthly amount to pay the property taxes accruing for the year 2020 until the properties are sold.

Wherefore, Elbar Investments, Inc. objects to the provisions of the Debtor's Second Amended Disclosure Statement and Chapter 11 Plan.

Respectfully submitted,

ROSS, BANKS, MAY, CRON & CAVIN, P.C.

By: *John Mayer*
John Mayer
Texas Bar Number 13274500
7700 San Felipe, Suite 550

Houston, Texas 77063
Phone 713-626-1200
Email jmayer@rossbanks.com
Attorney for Elbar Investments, Inc.

### CERTIFICATE OF SERVICE

I certify that true copies of the foregoing instrument were served upon all parties who have entered an appearance in this case by means of the Bankruptcy Court's CM/ECF system contemporaneously with filing on January 21, 2020.

.
John Mayer