**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ROYCE J. HASSELL** | § | **Case No: 19-30694** |
| | § | **(Chapter 11)** |
| **Debtor.** | § | |

**OBJECTION TO DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
AND SECOND AMENDED DISCLORURE STATEMENT
(relates to Dkt. 120)**

NOW COMES, HASSELL CONSTRUCTION COMPANY, INC., ("HCCI"), a creditor and party in interest, and in support of its objection, shows as follows:

1. The objection can generally be classified as objection to the need and adequacy of certain disclosures made in the second amended plan and disclosure statement, ("Plan").

2. More specifically, the debtor details in sections 3.1 and 3.2, a series of events, dating back to 2013, which debtor in possession ("debtor"), claims were contributing factors to his decision to file this chapter 11 bankruptcy case. The debtor's description of those event is unnecessary in order for his Plan to comply with the provisions of 11 USC section 1121 et. seq. and should be ordered struck before the Plan is confirmed. Simply put, it adds nothing to what is otherwise a plan of liquidation.

3. Should the Court however determine that a history of events is proper and/or necessary, HCCI would show that the current recitation is incomplete, misleading, and intentionally omits adverse rulings and outcomes. It is extremely one sided, and not the type of factual narrative expected of a fiduciary, which the debtor, in his recent testimony, acknowledged that he is.

1

4. If allowed to remain a part of the Plan, the Court should require that it be revised to reflect all events and rulings, so that the Court has the complete historical picture of the events which debtor has chosen to detail. That is paramount to HCCI, given the fact that this Court has pending before it an adversary involving debtor, his wife, HCCI and all other Hassell family members, all of which are implicated in the debtor's version of events.

5. If it didn't object now, the Court may take HCCI's silence as an agreement that the facts set out by the debtor are correct, complete and accurate.

6. Given that the recitation spans over seven (7) pages, HCCI does not wish to burden the record with a line by line discussion. It will set out below, some examples of the matters omitted and/or misstated.

7. **The Springwoods project**. Two of Debtor's companies, RHC and RHB[1] acted as subcontractors to HCCI, in what is known as the Springwoods project. HCCI suffered losses due to construction delays caused by the owner of the project, and filed a lawsuit in 2012, to recover them.

8. Dissatisfied with the direction HCCI was taking in this lawsuit, the debtor intervened in the lawsuit. That original intervention was struck by the state district court. Undeterred, RHC and RHB filed a second intervention. It was also struck. A motion to reconsider was denied, and RHC and RHB, appealed. The Court of Appeals, affirmed the dismissal of the interventions.

9. RHB and RCH, tried a different tactic. They filed a direct action against the owner of the Springwoods project, and its engineer. That separate lawsuit was dismissed. It was appealed, but the appeal was stayed when RHC and RHB filed for bankruptcy protection.

---

[1] All abbreviations of debtor's companies are the same as defined and identified in the Plan.

10. RHC and RHB tried another tactic. In an arbitration with HCCI, they claimed that HCCI was responsible for approximately $4.8MM worth of losses suffered by RHC and RHB in the Springwoods project.. The arbitrators denied that request. RHC and RHB did not appeal that decision, and it is now final.

11. RHC and RHB would try one more time. They filed an involuntary bankruptcy petition against what they called the Springwoods JV. They ultimately dismissed it, after this Court threatened sanctions if they continued to prosecute it.

12. The debtor and his companies were represented by various law firms regarding the Springwoods matter; those law firms now claim hundreds of thousands of dollars in unpaid fees and expenses..

13. The above events were omitted, and should be included if the Court determines that the history of the Springwoods project should be included in the Plan.

14. **The Coats Rose involvement**. The Debtor attributes a lot of his problems on what he alleges are wrongdoings and conflicts of interest by this law firm. Debtor however, fails to inform the reader, that the arbitrators in the AAA arbitration, denied his request to disqualify that firm. Debtor also fails to advise the reader that a lawsuit brought by him against that law firm, was dismissed and he was ordered to pay almost $70,000 in sanctions.

15. **The AAA arbitration**. The debtor wants to leave the reader with the impression that he and his companies, after being coerced to arbitrate, "won big" and somehow he was "robbed" of that victory. Here are the actual facts. The debtor's companies had agreed to arbitration, ignored that agreement, and attempted instead to litigate in a state district court. The state district court however disagreed and ordered the matter to arbitration. The debtor and his spouse were found to also be subject to the jurisdiction of the AAA, and the matters in controversy

proceeded to a hearing. The arbitrators, which netted out debts between the parties, both personal and corporate[2], generated a $1.2MM award in favor of RHB and RHC. The state district court affirmed the award, over HCCI's objection, and entered a judgment. HCCI appealed that judgment. The bankruptcy trustee for RHHC, RHC and RHB, analyzed the arguments advanced by HCCI on appeal, and decided to settle. The debtor agreed to support that settlement, and this Court gave its approval.

16. **The Deeds of Trust and the Releases**. The Debtor contends that deeds of trust which he and his wife voluntary executed to secure certain debts were invalid. He also contends that James C. Hassell, failed and refused to executed releases of those liens. That is simply incorrect. The arbitrators found that the deeds were valid, however no longer necessary when they netted out the debt that secured them. The state district court, in the judgment confirming the award, did not order that James C. Hassell execute releases, and the debtor did not request that the judgment so provide. Additionally, a later request by the debtor to the state district court that James C. Hassell be ordered to execute releases, was denied. James C. Hassell, along with HCCI appealed the judgment confirming the award. When the appealed judgment was settled, and before this Court approved that settlement, James C. Hassell executed and filed releases for the no longer needed deeds.

## CONCLUSION

There are many other matters that need to be addressed, corrected, and supplemented with regard to debtor's recitation of events as currently set out in the Plan. However, the above, should suffice to demonstrate the necessity of either striking the history in its entirety or ordering that it be amend.

---

[2] HCCI was awarded $2.1MM against RHC and RHB. HCCI was awarded $465K against Royce Hassell. RHHC, RHC and RHB were awarded $3.8MM against HCCI.

Respectfully submitted,

RENTEA & ASSOCIATES

*/s/ Bogdan Rentea*
Bogdan Rentea
State Bar No. 16781000
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
Tele: (512) 472-6291
Fax: (512) 472-6278
brentea@rentealaw.com

ATTORNEY FOR HASSELL
CONSTRUCTION COMPANY, INC.

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd day of January, 2020, a true and correct copy of the foregoing *Objection to Debtor's Second Amended Plan of Reorganization and Second Amended Disclosure Statement* has been served upon parties in interest via electronic means as listed on the ECF noticing system.

*/s/ Bogdan Rentea*
Bogdan Rentea