# THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | ENTERED 04/16/2020 |
| Royce J. Hassell | § § | Case No. 19-30694 |
| Debtor. | § § | (Chapter 11) |

## ORDER ESTABLISHING INTERIM PROFESSIONAL COMPENSATION PROCEDURES
(Relates to Docket No. 156)

The Court has considered the *Motion for an Order Establishing Interim Professional Compensation Procedures* (the "Motion") of Royce J. Hassell (the "Debtor"), any responses to the Motion, any evidence presented, and any arguments of counsel, and the Court having found that notice of the Motion was proper under the circumstances, the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors and for good cause appearing, it is HEREBY ORDERED THAT:

1. The Debtor is authorized to pay interim compensation to professionals retained under section 327(a) subject to the following procedures:

    (a) No more often than every 30 days any professional retained by the Debtor under section 327(a) may seek interim compensation and reimbursement of expenses by filing on the docket a Notice of Request for Interim Compensation.

    (b) The notice must contain detailed time records to support requested compensation and a description by category of any expenses.

    (c) The notice must be served through the Court's electronic filing system. No additional service will be required.

    (d) Any party objecting to interim compensation may file an objection within 10 days of service of the notice.

    (e) If there is an objection, the Debtor will confer with the objecting party. If the parties agree to a lower interim amount, the Debtor may pay it. If the parties do not agree, the Debtor may file a response and seek a hearing.

    (f) If there is no objection, the Debtor may pay the amount requested after the 10-day objection period has run.

    (g) All parties reserve all rights, including the rights to object to final approval of professional fees and the right to seek additional compensation.

2. All professional receiving interim compensation under the Order are required to file final fee applications under 11 U.S.C. §330. All amounts paid under this Order are subject to disgorgement if approval of such fees and reimbursement of expenses in a final order under 11 U.S.C. §330 is not ultimately granted.

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Signed: April 16, 2020

Marvin Isgur
United States Bankruptcy Judge