THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROYCE J. HASSELL | § | Case No. 19-30694 |
| | § | (Chapter 11) |
| Debtor. | § | |

**EMERGENCY MOTION TO APPROVE SALE PROCEDURE AND TO SELL PROPERTY OF THE DEBTOR FREE AND CLEAR OF ALL LIENS CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(F)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.[1]

---

[1] If a hearing on this Motion is set by the Court, a notice of hearing with instructions for use of video conference and audio technology will be filed and served on parties affected by the Motion. A link to Judge Isgur's home page, which contains the dial-in information for audio participation via telephone and live links to the videoconferencing platform GoToMeeting, can be found at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur

Additional instructions regarding the use of the Court's video conference and audio technology is available at: https://www.txs.uscourts.gov/sites/txs/files/Court%20Procedures%20October%2022%2C%202020_0.pdf.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MARVIN ISGUR:**

Royce J. Hassell, debtor-in-possession, in this chapter 11 case ("Debtor") hereby files this *Emergency Motion to Approve Sale Procedure and to Sell Property of Debtor Free and Clear of All Liens Claims and Encumbrances Pursuant to 11 U.S.C. §363(f)* ("Motion"), and respectfully represents the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(M)(N) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order regarding this matter because the sale of assets in a chapter 11 case has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to the matter at hand.

## II. BACKGROUND

2. Royce J. Hassell (the "Debtor") commenced this case by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on February 4, 2019 ("Petition Date"). The Debtor continues to operate as a debtor-in-possession.

3. The Debtor owns real property described at Tract 9, Block 12, City of West University, County of Harris, Texas, known as 6417 Buffalo Speedway 77055 (the "Property").

4. The Debtor has received an offer to purchase the Property on an "AS IS WHERE IS" basis pursuant to the terms of a One to Four Family Residential Contract (Resale) (the "Contract") and subject to approval of a sale by this Court.[2] Kurt E. Blankenship and Nimi Tuamokumo (the "Proposed Buyers") have offered to purchase the Property from the Debtor for the purchase price of

---

[2] *See* **Exhibit A**, Contract, pg. 5 of 33, at para. 11.

2

**$1,285,000.00** (the "Purchase Price")[3] pursuant to the terms of the Contract and subject to approval of a sale by this Court.

5. The Buyers' offer to purchase the Property was presented to Eric Campbell of Coldwell Banker United Realtors ("Seller's Agent") by Raul Diaz and Sergio Mireles at Metro Plus Realty ("Buyers' Agent"). Pursuant to the terms of the Contract, the total commission of 5.25% less $6,600 (divided equally between the Seller's Agent and Buyers' Agent) is to be allocated as follows: (i) 2.25% less $3,300 to Seller's Agent; (ii) 3.0% less $3,300 to Buyers' Agent. Based upon Buyers' proposed Purchase Price of $1,285,000 and the terms of the commissions under the Contract, the total commission to be paid if a sale to Buyers under the Contract is approved by this Court is **$60,862.50**.

6. A preliminary draft of a closing statement from Chicago Title Company identifies customary other closing costs of the Seller in the amount of **$7,763.92** and closing costs of the Buyers in the amount of **$1,561.31**.

7. The Buyers' offer under the Contract was subject to an option period, which was originally set to expire on February 4, 2021, but was extended to February 12, 2021. Buyers paid a $500 non-refundable option fee under the Contract. Buyers have not exercised the option to terminate the Contract and the option period has passed.

8. The Buyers' offer under the Contract is not subject to any financing contingencies.

9. The Buyers' offer under the Contract originally contemplated a February 19, 2021 closing date (assuming the option to terminate was not exercised by February 12, 2021) but due to the winter storm that caused widespread power and water outages between February 14, 2021 and

---

[3] *See* **Exhibit A**, Contract, pg. 28 of 33, at para.(1). The original purchase price was $1,300,000 but the Buyers amended the Contract during the option period to reduce the purchase price by $15,000 to account for issues raised during inspections.

February 19, 2021, the proposed closing date was extended once to March 1, 2021 and again to March 10, 2021 due to the lingering issues caused by the winter storm.

10. Pursuant to the terms of the Contract, the Buyers delivered $13,000 in earnest money to Chicago Title Company at 6575 West Loop South #150, Bellaire, Texas 77401 c/o Elizabeth Cunningham to be held in escrow pending the sale of the Property.

11. On March 3, 2021, Elbar Investments Inc. ("Elbar"), which has a first lien deed of trust security interest in the Property provided a payoff[4] to Chicago Title Company in the amount of **$981,289.36**.[5]

12. On March 3, 2021, Harris County *et. al.* ("Harris County"), which has a statutory lien on the Property for ad valorem property taxes, provided a payoff to Chicago Title Company in the amount of $**241,073.88**.[6]

13. Pro-rated taxes through a March 10, 2021 proposed closing date are estimated to be **$5,177.76**.

14. Custom Home Maintenance, LLC filed an Affidavit of Lien on Homestead by Original Contractor in the real property records of Harris County, Texas (RP-2018-374485) on August 16, 2018 in the amount of $**13,444.21**.[7]

15. One Stop Cooling, Inc. filed an Affidavit for Mechanic's and Materialman's Lien in the real property records of Harris County, Texas (RP-2018-379755) on August 20, 2018 in the amount of $**6,126.95**.[8]

---

[4] *See* **Exhibit B**, Elbar Payoff Letter dated March 3, 2021. The payoff amount Elbar provided to Chicago Title Company is good through March 10, 2020 with a $151.75 interest per diem after that.
[5] *See* **Exhibit B**, Elbar Payoff Letter dated March 3, 2021.
[6] *See* **Exhibit C,** Taxing Authority Payoff Letter dated March 3, 2021.
[7] *See* **Exhibit D,** Custom Home Maintenance, LLC Lien Affidavit.
[8] *See* **Exhibit E,** One Stop Cooling, Inc. Lien Affidavit.

16. The Debtor is not aware of any other parties claiming liens on the Property other than as set forth herein.

17. At present, the Debtor has not received nor has he accepted any other offers to purchase the Property. However, Elbar has indicated that if its debt is not fully satisfied by the Purchase Price, it may not consent to the sale and/or it may choose to submit a higher and better bid at a hearing on this Motion by exercising its right to credit bid and/or it may seek to enforce its lien rights with respect to the Property under applicable law.

18. Accordingly, the Debtor files this Motion to request that the Court hold a hearing to approve the sale of the Property to the Buyers pursuant to the terms of the Contract or further agreement of the parties and/or to implement appropriate procedures regarding the sale of Property under 11 U.S.C. §363 or other applicable law.

### III. RELIEF REQUESTED

19. The Debtor seeks authority to sell the Property to Buyers AS IS WHERE IS, free and clear of all liens claims and encumbrances pursuant to 11 U.S.C. §363(f), and on the terms and conditions set forth in the Contract or on further agreement of the parties.

20. The Debtor also seeks authority to pay the following from the proceeds of the sale of the Property: (i) First, all ordinary costs of sale at the closing; (ii) Second, all broker commissions; (iii) Third, all amounts due to the ad valorem taxing authorities as set forth on the payoff attached as Exhibit C; (iv) Fourth, to Elbar to reduce accrued interest through the Closing Date and then to reduce any principal balance owed through the Closing Date as set forth on the attached Exhibit B; (v) Fifth, any remaining proceeds to Custom Home Maintenance, LLC up to $13,444.21; (vi) Sixth, any remaining proceeds to One Stop Cooling Inc. up to $6,126.95; and (vii) Seventh, all remaining proceeds, if any, to the bankruptcy estate of Royce J. Hassell.

21. In evaluating a sale of property free and clear of all liens and claims, a court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.; In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986).

22. Presently, the Buyers' offer under the Contract would yield total sales proceeds of $1,285,500.00:

| | |
|---|---|
| $1,285,000.00 | Purchase Price |
| $500.00 | Option Fee |
| **$1,285,500.00** | **TOTAL SALES PROCEEDS** |

23. The customary costs of closing, the commissions, and the secured debts on the Property total:

| | |
|---|---|
| ($7,763.92) | Seller's Closing Costs |
| ($1,561.31) | Buyers' Closing Costs |
| ($60,862.50) | Commissions |
| ($5,177.76) | Estimated Pro-Rated 2021 Taxes |
| ($241,073.88) | Secured Claim of Taxing Authorities for 2016-2018 and 2020 ad valorem taxes[9] |
| ($981,289.36) | Elbar Investments, Inc. (deed of trust) |
| ($13,444.21) | Custom Home Maintenance, LLC (mechanics lien) |
| ($6,126.95) | One Stop Cooling, Inc. (mechanics lien) |
| **$1,317,299.89** | **Total Needed to Pay all Costs of Closing, Commissions and Debts Secured by a Lien** |

24. The Buyers' current offer under the Contract is **$32,299.89** less than the total amount needed to pay in full all costs of closing, commissions, and all debts secured by a lien. **$12,728.73** of the total shortfall is attributable to Elbar's secured claim and **$19,571.16** is attributable to debts secured by two mechanics and materialman liens.

---

[9] Pursuant to the Court's Order at Docket No. 133, the 2019 ad valorem taxes on the Property were previously paid in full from the proceeds of the sale of the adjacent property.

25. Though counsel for the Debtor has been in close communication with creditors regarding the proposed sale, as of the filing of this Motion, it is not known whether all secured creditors will consent to the proposed sale to the Buyers pursuant to the Contract without payment in full of their debts. As of the filing of this Motion, it is not known whether any secured creditors will choose to credit bid at a hearing on the Motion or exercise other lien rights under applicable law. As of the filing of the Motion, it is not known whether the Buyers will propose further amendments to the Contract.

26. The Debtor believes it is the best interests of the estate to seek Court approval of the sale of the Property to the Buyers under the terms set forth in the Contract because it will satisfy nearly all the secured debt against the Property and will eliminate future liability for ad valorem taxes, insurance, and maintenance.

27. The Debtor believes that the proposed sale to Buyers is the best option available to the estate at this time and is in the best interest of the estate and its creditors to go forward in good faith to try to obtain the Court's approval to sell the Property to Buyers under the terms of the Contract or pursuant to further agreement of the parties.

## IV.  NOTICE / EMERGENCY RELIEF

28. Notice of this Motion will be given to all parties entitled to receive notice under the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules and as follows: (i) to Elbar, Harris County *et. al.* (tax authorities), and the United States Trustee, electronically via e-mail to counsel of record and via CM/ECF; (ii) to Buyers electronically through their broker/agent using the e-mail address set forth in the Contract; (iii) to Custom Home Maintenance LLC and One-Stop Cooling Inc. via U.S. Mail but the Debtor and/or counsel for the Debtor will attempt to contact them via phone and/or any other electronic means if such information becomes available.

29. Emergency relief is requested because the proposed closing date under the Contract to sell the Property to Buyers is **March 10, 2020**. Under the Contract, the timeline for the option period to terminate and the closing date were already quite compressed; but just as the option period terminated, the winter storm hit resulting in the need to for further evaluation and to extend the closing date to March 10, 2020. By the time final revised payoffs were received from secured creditors, there was less than 21-days for a motion to be filed and heard on regular notice.

30. A hearing is requested on (i) <u>Monday</u> March 8, 2021; (ii) <u>Tuesday</u> March 9, 2021; or (iii) any time before mid-day on <u>Wednesday</u> March 10, 2021. Counsel for the Debtor will be in a mediation with the Honorable Craig Gargotta on Tuesday March 9, 2021 via Zoom, but believes it will not pose a problem to step away from the mediation to participate in a hearing on this Motion any time after 10:00 a.m. (the mediating parties would be done with opening remarks by that time).

## PRAYER

WHEREFORE, the Debtor prays that the Court enter an order authorizing him to (i) to sell the Property to Buyers AS IS pursuant to the terms of the Contract free and clear of all liens, claims and encumbrances; (ii) to pay the claims of creditors with valid liens under the priority scheme established under applicable law; (iii) to pay all ordinary costs of sale at the closing, including the broker commissions; and (iv) for such other and further relief to which he is entitled.

Dated: March 5, 2021.                               Respectfully submitted,

*/s/ Erin E. Jones*
Erin E. Jones (TBN 24032478)
JONES MURRAY & BEATTY LLP
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com
COUNSEL FOR THE DEBTOR

## **CERTIFICATE OF SERVICE**

Undersigned counsel certifies that on March 5, 2021, a true and correct copy of the foregoing Motion was served by electronic means via email and/or CM/ECF to those registered to receive such service and as specifically mentioned in the Notice section of the Motion, and placed in the mailbox for service via U.S. Mail postage pre-paid to those entitled to receive service under the Bankruptcy Rules and as follows:

Custom Home Maintenance, LLC
8102 Durklyn Ln
Houston, Texas 77070

One Stop Cooling Inc.
Attn: Randolph Casares, President
850 Brunswick Drive
Sugar Land, Texas 77478

*/s/ Erin E. Jones*
Erin E. Jones