THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROYCE J. HASSELL, | § | Case No. 19-30694 |
| | § | (Chapter 11) |
| Debtor. | § | |

**ORDER AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS
CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f)**
(Relates to Docket No. 226)

On March ___, 2021, the Court considered the Debtor's Emergency Motion to Approve Sale Procedure and Sell Property Free and Clear of Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §363(f)(Docket No. 226)(the "Motion"). The Court considered any responses filed by any party or any arguments and/or evidence presented at the hearing. The Court makes the following factual findings:

1. Royce J. Hassell (the "Debtor) and Kurt E. Blankenship and Nimi Tuamokumo (the "Buyers"), have negotiated at arm's length and in good faith the proposed sale of the Debtor's property located at 6417 Buffalo Speedway (the "Property" as described and defined in the Motion and as set forth in the One to Four Family Residential Contract (Resale), as modified and amended (the "Contract", attached to the Motion as Exhibit "A").

2. The Debtor has exercised sound business judgment in agreeing to the sale of the Property as described in the Motion and as set forth in the Contract.

3. The sale described in the Motion and Contract is in the best interest of creditors in this bankruptcy case.

4. Proper and adequate notice of the Motion and the hearing on the Motion has been given.

5. Any findings of fact and conclusions of law made by the Court on the record (if any) are incorporated pursuant to FED. R. BANKR. P. 7052.

6. The Court has jurisdiction over the proposed sale pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(N) and (O).

7. The Court has constitutional authority to enter a final order approving the proposed sale set forth in the Motion.

Accordingly, it is therefore:

1. ORDERED that Buyers shall pay the Debtor $_____ ("Purchase Price"), subject to any conditions described in the Contract on or before the Closing Date as defined in the Contract and as may be amended by the Debtor and/or Buyers as needed to effectuate the terms of this Order; and it is further

2. ORDERED that this Order is binding on Buyers and any successor-in-interest; and it is further

3. ORDERED that the sale of the Property pursuant to the Contract shall be free and clear of all liens, claims, encumbrances and other interests, if any; with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale; provided, however that the Debtor is authorized to offset any such claims with the ordinary costs of the sale, including any commission due to brokers; and it is further

4. ORDERED that any ad valorem tax liens against the Property are hereby expressly retained against the Property until payment is made to fully satisfy any ad valorem taxes, and any penalties or interest which may ultimately accrue to those taxes; and it is further

5. ORDERED that nothing in this Order or the Contract releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of the Property after the date of entry of this Order. The Buyers reserve all rights and defenses other than asserting that it is free of any such liability on account of this Order with respect to any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of the Property after the date of entry of this Order; and it is further

6. ORDERED that nothing in this Order or Contract releases or relieves the Buyers of the Property from compliance with any applicable licensing, permitting, registration, authorization, or approval requirements of or with respect to a governmental unit; and it is further

7. ORDERED that all parties to this sale shall execute and deliver all documents and shall take any other actions reasonably necessary to effectuate the intent of the sale; and it is further

8. ORDERED that the Court retains exclusive jurisdiction, to the maximum extent provided by law, with respect to all matters, disputes, adversary proceedings or contested matters arising from or related from or related to the implementation, interpretation, and enforcement of this Order.

9. ORDERED that the Debtor is authorized and shall pay, at the closing of the sale of the Property as follows:

    (a) First, to all customary costs of sale, including those costs associated with closing the transaction with a title company, and as set forth in the Contract;
    (b) Second, to any commission due to the real estate agent(s) for the respective parties at the closing of the sale of the Property pursuant to the terms of the Contract;
    (c) Third, to Harris County Texas for all property taxes, interest and penalties assessed and owing upon the Property (6417 Buffalo Speedway, Houston, Texas) bearing the tax account number 039-303-000-0009, for 2016, 2017, 2018 and 2020, and the pro-rata property taxes assessed upon the Property for 2021 through the Closing Date;
    (d) Fourth, to Elbar Investments, Inc. ("Elbar"), applied first to accrued interest and second to the principal balance due and owing at the time of the Closing;
    (e) Fifth, to Custom Home Maintenance, LLC in the amount of $13,444.21;
    (f) Sixth, to One Stop Cooling, Inc. in the amount of $6,126.95; and
    (g) Seventh, any remaining proceeds to the bankruptcy estate of Royce J. Hassell in Case No. 19-30694, pending in the United States Bankruptcy Court Southern District of Texas, Houston Division.

Dated: _____, 2021.

    _____
    Honorable Marvin Isgur
    United States Bankruptcy Judge