

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/17/2021

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROYCE J. HASSELL, | § | Case No. 19-30694 |
| | § | (Chapter 11) |
| Debtor. | § | |

### ORDER AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f)
(Relates to Docket No. 226)

On March 15, 2021, the Court held a hearing (the "Hearing") to consider the Debtor's Emergency Motion to Approve Sale Procedure and Sell Property Free and Clear of Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §363(f)(Docket No. 226)(the "Motion"), any objections made or filed thereto, the evidence presented, and the statements made by parties at the hearing. The Court makes the following factual findings:

1. Royce J. Hassell (the "Debtor") and Kurt E. Blankenship and Nimi Tuamokumo (the "Buyers"), have negotiated at arm's length and in good faith the proposed sale of the Debtor's property located at 6417 Buffalo Speedway (the "Property" as described and defined in the Motion) pursuant to the terms of the One to Four Family Residential Contract (Resale), as modified and amended in writing and pursuant to the various agreements of the parties' announced on the record at the Hearing (together the "Contract").

2. The Debtor has exercised sound business judgment in agreeing to the sale of the Property to the Buyers as set forth in the Contract.

3. The sale described in the Contract is in the best interest of creditors in this bankruptcy case.

4. Proper and adequate notice of the Motion and the Hearing on the Motion has been given to parties entitled to receive notice and to all parties claiming a lien on the Property.

5. Any findings of fact and conclusions of law made by the Court on the record (if any) are incorporated pursuant to FED. R. BANKR. P. 7052.

6. The Court has jurisdiction over the proposed sale pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(N) and (O).

7. The Court has constitutional authority to enter a final order approving the sale of the Property.

ACCORDINGLY, it is:

1. ORDERED that Buyers shall pay the purchase price of $1,285,000.00 (the "Purchase Price"), subject to any conditions described in the Contract on or before the Closing Date as defined in the Contract, as amended by the Debtor and/or Buyers in writing and by agreement at the Hearing, and as may be amended by the Debtor and/or Buyers as needed to effectuate the terms of this Order, and as set forth on the closing statement ("Closing Statement") attached hereto as **Exhibit "A"**; and it is further

2. ORDERED that this Order is binding on Buyers and any successor-in-interest; and it is further

3. ORDERED that the sale of the Property pursuant to the Contract and this Order shall be free and clear of all liens, claims, encumbrances and other interests, if any; with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale; provided, however that the Debtor is authorized to offset any such claims with the ordinary costs of the sale, including any commission due to brokers; and it is further

4. ORDERED that any ad valorem tax liens, including tax liens for 2021, against the Property are hereby expressly retained against the Property until payment is made to fully satisfy any ad valorem taxes, and any penalties or interest which may ultimately accrue to those taxes; and it is further

5. ORDERED that nothing in this Order or the Contract releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of the Property after the date of entry of this Order. The Buyers reserve all rights and defenses other than asserting that it is free of any such liability on account of this Order with respect to any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of the Property after the date of entry of this Order; and it is further

6. ORDERED that nothing in this Order or Contract releases or relieves the Buyers of the Property from compliance with any applicable licensing, permitting, registration, authorization, or approval requirements of or with respect to a governmental unit; and it is further

7. ORDERED that all parties to this sale shall execute and deliver all documents and shall take any other actions reasonably necessary to effectuate the intent of the sale, including but not limited to executing lien releases; and it is further

8. ORDERED that the Court retains exclusive jurisdiction, to the maximum extent provided by law, with respect to all matters, disputes, adversary proceedings or contested matters arising from or related from or related to the implementation, interpretation, and enforcement of this Order.

3

9. ORDERED that Chicago Title of Texas, LLC ("Title Company"), on behalf of the Debtor, are authorized and shall pay the following at the closing of the sale of the Property as set forth on the Closing Statement attached hereto as **Exhibit "A"** and as expressly set forth herein:

(a) First, to the real estate agent(s) for the respective parties at the closing of the sale of the Property in the following amounts:
   a. $19,962.50 to Sellers' Agent (Eric Campbell – Coldwell Banker Realty).
   b. $29,600.00 to Buyers' Agent (Raul Diaz - Metro Plus Realty).

(b) Second, to all customary costs of sale, including those costs associated with closing the transaction with a title company, and as set forth in the Contract.

(c) Third, to Harris County Texas for full and final satisfaction of all property taxes, interest and penalties assessed and owing upon the Property bearing the tax account number 039-303-000-0009, for 2016, 2017, 2018 in the amount of $39,425.24 and for 2020 in the amount of $194,947.76.

(d) Fourth, to Elbar Investments, Inc. ("Elbar") the amount of $981,289.36 in full and final satisfaction of all amounts owed to Elbar relating to the Property and/or against the Debtor in this case.

(e) Fifth, to Custom Home Maintenance, LLC in the amount of $10,000.00 and to 1-Stop Cooling, Inc. in the amount of $3,910.15 in full and final satisfaction of all amounts owed to each of them relating to the Property and/or against the Debtor in this case.

10. ORDERED that notwithstanding anything to the contrary in the Contract, the sale of the Property shall not close if the payment made to Custom Home Maintenance, LLC at closing is less than $10,000.

Signed: March 17, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

EXHIBIT "A"



# Chicago Title of Texas, LLC
6575 West Loop South, Suite 150, Bellaire, TX 77401
Phone: (713)665-6575 | Fax: (713)665-0740

## MASTER STATEMENT

**Settlement Date:** March 19, 2021  **Escrow Number:** CTT    9990A
**Disbursement Date:** March 19, 2021  **Escrow Officer:** Elizabeth Cunningham
**Buyer:** Kurt E. Blankenship and Nimi Tuamokumo

**Seller:** Royce J. Hassell and Silvia T. Hassell

**Property:** 6417 Buffalo Speedway
West University Place, TX 77005
Lot(s): TR9 Block: 12 WEST UNIVERSITY PLACE SEC 1 Section: 1

|  | SELLER |  |  | BUYER |  |
|---|---|---|---|---|---|
| $ DEBITS | $ CREDITS |  | $ DEBITS | $ CREDITS |
|  |  | **FINANCIAL CONSIDERATION** |  |  |
|  | 1,285,000.00 | Contract sales price | 1,285,000.00 |  |
|  |  | Deposit or earnest money from Kurt E. Blankenship and Nimi Tuamokumo |  | 13,000.00 |
| 500.00 |  | Option Fee |  | 500.00 |
|  |  | **PRORATIONS/ADJUSTMENTS** |  |  |
|  | 7,577.02 | Closing Cost Contribution | 7,577.02 |  |
| 5,178.09 |  | County taxes at $27,391.34 01/01/21-03/20/21 |  | 5,178.09 |
|  |  | **COMMISSIONS** |  |  |
| 19,962.50 |  | Listing Broker commission to Coldwell Banker Realty $1,285,000.00 @ 2.2500% = $28,912.50   Note: Total Includes Adjustment of ($8,950.00) - Coldwell Banker Realty |  |  |
| 29,600.00 |  | Selling Broker commission to Metro Plus Realty $1,285,000.00 @ 3.0000% = $38,550.00   Note: Total Includes Adjustment of ($8,950.00) - Metro Plus Realty |  |  |
|  |  | **TITLE & ESCROW CHARGES** |  |  |
| 275.00 |  | Settlement or closing fee to Jay S. Ginsburg, P.C.    Escrow Fee | 275.00 |  |
| 500.00 |  | Document preparation to Jay S. Ginsburg, P.C. |  |  |
| 2.00 |  | Guaranty fee to Texas Title Insurance Guaranty Association |  |  |
| 6,809.00 |  | Owner's policy premium 60%JSG 40%CTT to Chicago Title of Texas, LLC    (60.0% to Jay S. Ginsburg, P.C.) |  |  |
|  |  | T-3 Amendment of Survey Exception for T-1R (T-3 or Deletion) to Chicago Title of Texas, LLC | 340.45 |  |
| 71.00 |  | Tax Certificate Fee to National Tax Net |  |  |

| SELLER | | | | | BUYER | | |
|---|---|---|---|---|---|---|---|
| $ DEBITS | | $ CREDITS | | | $ DEBITS | | $ CREDITS |
| | | | | **TITLE & ESCROW CHARGES** | | | |
| 14.92 | | | | ERecording Fee for 5 Documents - FBO CSC E-Recording Services, Inc. to Jay S. Ginsburg, P.C. | 3.73 | | |
| | | | | Policies to be issued: | | | |
| | | | |   Owners Policy | | | |
| | | | |     Coverage: $1,285,000.00    Premium: $6,809.00 | | | |
| | | | |     Version: Texas Residential Owner Policy of Title Insurance One-To-Four Family Residences (T-1R) - 2014 | | | |
| | | | | **GOVERNMENT CHARGES** | | | |
| 92.00 | | | | Recording fees ($114.00) to Jay S. Ginsburg, P.C. | 22.00 | | |
| | | | | **PAYOFFS** | | | |
| | | | | Payoff of first mortgage loan to Elbar Investments, Inc. ($981,289.36) | | | |
| 981,289.36 | | | |   Total Payoff | | | |
| | | | | **MISCELLANEOUS CHARGES** | | | |
| | | | | Survey to Survey 1, Inc | 920.13 | | |
| 39,425.24 | | | | County Property Taxes to Ann Harris Bennett, Tax Assessor Collector | | | |
| | | | |   Apply to 2020 CAD 0393030000009 | | | |
| 194,947.76 | | | | County Property Taxes to Ann Harris Bennett, Tax Assessor Collector | | | |
| | | | |   Apply to 2016-2018 CAD 0393030000009 | | | |
| 10,000.00 | | | | Payoff MML 20180374485 to Custom Home Maintenance, LLC | | | |
| 3,910.15 | | | | Payoff MML 20180379755 to 1 Stop Cooling Inc. | | | |
| 1,292,577.02 | | 1,292,577.02 | | **Subtotals** | 1,294,138.33 | | 18,678.09 |
| | | | | **Balance Due FROM Buyer** | | | **1,275,460.24** |
| 1,292,577.02 | | 1,292,577.02 | | **TOTALS** | 1,294,138.33 | | 1,294,138.33 |

**APPROVED and ACCEPTED**

Buyer and Seller understand the Closing or Escrow Agent has assembled this information representing the transaction from the best information available from other sources and cannot guarantee the accuracy thereof. Any real estate agent or lender involved may be furnished a copy of this Statement. Buyer and Seller understand that tax and insurance prorations and reserves were based on figures for the preceding year or supplied by others or estimates for current year, and in the event of any change for current year, all necessary adjustments must be made between Buyer and Seller direct. The undersigned hereby authorizes Chicago Title of Texas, LLC to make expenditures and disbursements as shown and approves same for payment. The undersigned also acknowledges receipt of Loan Funds, if applicable, in the amount shown above and a receipt of a copy of this Statement. understand the Closing or Escrow Agent has assembled this information representing the transaction from the best information available from other sources and cannot guarantee the accuracy thereof. The Lender involved may be furnished a copy of this Statement. The undersigned hereby authorizes Chicago Title of Texas, LLC to make expenditures and disbursements as shown and approves same for payment. The undersigned also acknowledges receipt of loan funds in the amount shown above and a receipt of a copy of this Statement.

I have carefully reviewed the Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the Settlement Statement.

SELLER:                                                          BUYER:

_____                                _____
Royce J. Hassell                                                 Kurt E. Blankenship

_____                                _____
Silvia T. Hassell                                                Nimi Tuamokumo

To the best of my knowledge, the Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_____
Chicago Title of Texas, LLC
Settlement Agent