THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| ROYCE J. HASSELL § | Case No. 19-30694 |
| § | (Chapter 11) |
| Debtor. § | |

**EMERGENCY MOTION TO SELL PROPERTY OF THE DEBTOR FREE AND CLEAR OF ALL LIENS CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(F)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NTOICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MARVIN ISGUR:

Royce J. Hassell, debtor-in-possession, in this chapter 11 case ("Debtor") hereby files this Motion to Sell Property of Debtor Free and Clear of All Liens Claims and Encumbrances Pursuant to 11 U.S.C. §363(f) ("Motion"), and respectfully represents the following:

**I. JURISDICTION AND VENUE**

1

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(M)(N) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order regarding this matter because the sale of assets in a chapter 11 case has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to the matter at hand.

## II. BACKGROUND

2. Royce J. Hassell (the "Debtor") commenced this case by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on February 4, 2019 ("Petition Date"). The Debtor continues to operate as a debtor-in-possession.

3. The Debtor owns real property known as Lot 11 Block waterfront, Far Hills, City of Willis, County of Montgomery or 10181 Valley Dr. S., Willis, Texas 77318-6445 (the "Property").

4. Chad and Brandey Porter ("Buyers") have offered to purchase the Property from the Debtor for the purchase price of $1,773,800 ("Purchase Price") pursuant to the terms of a One to Four Family Residential Contract – Resale (the "Contract"), as amended, and subject to approval of a sale by this Court. The sale of the Property to Buyers is AS IS. A copy of the Contract is attached hereto as **Exhibit A**.

5. The Buyers has offered to pay the Purchase Price subject to a financing contingency. On June 9, 2021, Stewart Title confirmed the proposed Closing Date of June 15th, the Buyers' banking institution's confirmation of approval of Buyers' financing arrangements, provided a copy of the preliminary closing statement, and provided a copy of the final signed amendment to the Contract. The Buyers delivered $20,000 in earnest money to Stewart Title Company c/o Michelle Taylor, 2125 SH-336, Conroe, Texas 77304. The option period has expired pursuant to the terms of the Contract. There are no other known contingencies to closing the sale of the Property with Buyers.

6. The Contract provided for the closing of the sale to occur no later than June 15, 2021 (the "Closing Date").

7. Mr. Cooper™ (Nationstar Mortgage LLC) ("Mr. Cooper") has a first lien deed of trust security interest in the Property. Mr. Cooper provided a payoff to the Debtor good through June 15, 2021 in the amount of $254,070.89 ("Mr. Cooper Payoff").

8. All property tax due on the Property will be paid at Closing from the sale proceeds, including the pro-rated property taxes due for 2021. There were no pre-petition ad valorem taxes due for the Property.

9. Attached as **Exhibit B** is a preliminary closing disclosure ("Preliminary Closing Statement") setting forth the anticipated costs of the sale and the sale proceeds due to the Debtor. The Debtor will supplement this Motion with any updated or revised closing statements if provided by Stewart Title.

10. The Debtor believes that the sale of the Property to Buyers is in the best interests of the Debtor. No higher or better offers to purchase the Property have been received by the Debtor.

### III. RELIEF REQUESTED

11. The Debtor seeks authority to sell the Property to Buyers AS IS, free and clear of all liens claims and encumbrances pursuant to 11 U.S.C. §363(f), pursuant to the terms of the Contract and for the Purchase Price of $1,773,800.00.

12. The Debtor also seeks authority to pay all ordinary costs of sale at the closing, including closing costs and the commissions of the real estate brokers.

13. In evaluating a sale of property free and clear of all liens and claims, a court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the

3

circumstances in the particular case. *Id.; In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986).

14. The Debtor believes that the proposed sale to Buyers conforms to these requirements, and that the proposed sale is the best available option available to the estate and is in the best interest of the estate and its creditors. After payment of secured claims, costs of sale, and brokers' commissions, the Debtor believes there will be approximately $1.35 million of equity in the Property that will benefit the bankruptcy estate. A more precise figure will be provided and filed with the Court once a preliminary and/or final closing statement is prepared by Stewart Title.

15. All creditors with valid liens are adequately protected and their respective claims will be satisfied from the Purchase Price. The remaining equity will then be available to the Debtor's bankruptcy estate.

15. The Property is currently encumbered by certain valid liens, including the deed of trust liens of Mr. Cooper and the liens of ad valorem tax authorities, whose claims will be satisfied at a closing. The Debtor is not aware of any other liens on the Property.

16. Mr. Cooper and the taxing authorities will receive notice of this Motion in addition to all other parties entitled to receive notice under the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules. To the extent there are any unknown liens, such lien rights are adequately protected because the Debtor seeks to sell the Property free and clear of all liens, claims and encumbrances except that liens will attach to proceeds from the sale of the Property.

17. Expedited approval of the Motion is sought because the proposed closing date is June 15, 2021 but it was not until June 9, 2021 that all contingencies to the contract were removed and confirmation of the final terms were provided by Stewart Title. The terms of the sale are fair and reasonable and the sale is in the best interests of the Estate and therefore the Debtor requests approval on an expedited basis to ensure the closing can occur by June 15, 2021.

**PRAYER**

WHEREFORE, the Debtor prays that the Court enter an order authorizing him to (i) to sell the Property to Buyers AS IS pursuant to the terms of the Contract free and clear of all liens, claims and encumbrances; (ii) to pay Mr. Cooper and any ad valorem tax authorities in full at the closing on the sale of the Property; (iii) to pay the brokers' commission as set forth in the Contract; (iv) to pay all ordinary costs of sale at the closing; and (v) for such other and further relief to which he is entitled.

Dated: June 10, 2021.                                    Respectfully submitted,

                                                          */s/ Erin E. Jones*
                                                          Erin E. Jones (TBN 24032478)
                                                          JONES MURRAY & BEATTY LLP
                                                          4119 Montrose, Suite 230
                                                          Houston, TX 77006
                                                          Tel. 832-529-1999
                                                          Fax. 832-529-3393
                                                          erin@jmbllp.com
                                                          COUNSEL FOR THE DEBTOR

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was served by electronic means on or before the 10th day of June 2021 and/or by U.S. Mail, postage prepaid, on those parties entitled to received service and those registered to receive service electronically via ECF/PACER as well as the interested parties listed in this Motion.

                                                          */s/ Erin E. Jones*
                                                          Erin E. Jones