THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROYCE J. HASSELL | § | Case No. 19-30694 |
| | § | (Chapter 11) |
| Debtor. | § | |

**AMENDED MOTION TO SELL PROPERTY OF THE DEBTOR
PURSUANT TO 11 U.S.C. §363(B) ON EMERGENCY BASIS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NTOICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MARVIN ISGUR:

Royce J. Hassell, debtor-in-possession, in this chapter 11 case ("Debtor") hereby files this Amended Motion to Sell Property of Debtor Pursuant to 11 U.S.C. §363(b)("Motion"), and respectfully represents the following:

**I. JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(M)(N) and (O). Venue is proper in this

1

district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order regarding this matter because the sale of assets in a chapter 11 case has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to the matter at hand.

## II. BACKGROUND

2. Royce J. Hassell (the "Debtor") owns real property known as Lot 11 Block waterfront, Far Hills, City of Willis, County of Montgomery or 10181 Valley Dr. S., Willis, Texas 77318-6445 (the "Property").

3. Chad and Brandey Porter ("Buyers") have offered to purchase the Property from the Debtor for the purchase price of $1,773,800 ("Purchase Price") pursuant to the terms of a One to Four Family Residential Contract – Resale (the "Contract"), as amended, and subject to approval of a sale by this Court. The sale of the Property to Buyers is AS IS. A copy of the Contract, as amended, is attached hereto as **Exhibit A**.

4. The Buyers offered to pay the Purchase Price subject to a financing contingency with an option to terminate the Contract if Buyers did not satisfy lenders' underwriting requirements. On June 9, 2021, Stewart Title confirmed the Buyers' banking institution's confirmation of approval of Buyers' financing arrangements, provided a copy of the preliminary closing statement (after being given the Mr. Cooper payoff, which it did not yet have but which the Debtor independently requested from Mr. Cooper upon receipt of the original Contract), and provided a copy of the final fully executed Contract as amended (which had not yet been delivered to the Debtor). Stewart Title also confirmed the Closing Date would be June 15, 2021. The Buyers delivered $20,000 in earnest money to Stewart Title Company c/o Michelle Taylor, 2125 SH-336, Conroe, Texas 77304 as required by the Contract. The financing contingency and associated option period expired pursuant to the terms of the Contract and there are no other known contingencies to closing the sale of the Property with Buyers.

5.  The Contract provided for the closing of the sale to occur no later than June 15, 2021 (the "Closing Date").

6.  Mr. Cooper™ (Nationstar Mortgage LLC) ("Mr. Cooper") has a first lien deed of trust security interest in the Property.  Mr. Cooper provided a payoff to the Debtor good through June 15, 2021 in the amount of $254,070.89 ("Mr. Cooper Payoff").

7.  All property tax due on the Property will be paid at Closing from the sale proceeds, including the pro-rated property taxes due for 2021.  There were no pre-petition ad valorem taxes due for the Property.

8.  There are no other known creditors with claims secured by a lien on the Property.  At Closing, all secured creditors will be paid and liens satisfied in accordance with state law.

9.  Attached as **Exhibit B** is a preliminary closing disclosure ("Preliminary Closing Statement") setting forth the anticipated costs of the sale and the sale proceeds due to the Debtor. The Debtor will supplement this Motion with any updated or revised closing statements if provided by Stewart Title.

10.  The Debtor believes that the sale of the Property to Buyers is in the best interests of the Debtor. The Property has been listed for sale and marketed by a professional broker with a reputable firm.  No higher or better offers to purchase the Property have been received by the Debtor.

### III. RELIEF REQUESTED

11.  The Debtor seeks authority to sell the Property to Buyers AS IS pursuant to 11 U.S.C. §363(b), pursuant to the terms of the Contract and for the Purchase Price of $1,773,800.00.

12.  The Debtor also seeks authority to pay all ordinary costs of sale at the closing, including closing costs and the commissions of the real estate brokers.

13. The court may approve a sale of estate property under section 363(b) if the trustee or debtor-in-possession offers a good business reason for the sale. *In re VCR I, LLC*, 922 F. 3d 323, 326

(5th Cir. 2019). The Property was listed and marketed by professional broker with Coldwell Banker. The proposed sale of the Property to Buyers will result in full payment to creditors with claims secured by liens on the Property and also return approximately $1.374 million in equity to the estate for the benefit of creditors (per the preliminary closing statement). Buyers' offer to purchase the Property is the highest and best offer received by the Debtor to date. A sale of the Property will also end accrual of ad valorem property taxes and interest on the loan with the first lien deed of trust lender (Mr. Cooper). The Debtor believes the proposed sale to Buyers is fair and reasonable but that it is also in the best interests of the Estate.

14. All creditors with claims secured by liens on the Property are adequately protected because their respective claims will be satisfied in full from the sale in accordance with state law. The remaining equity will then be available to the Debtor's bankruptcy estate.

15. Mr. Cooper and the taxing authorities have received notice of the proposed sale and will also receive notice of this Motion in addition to all other parties entitled to receive notice under the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules. Counsel for the Debtor has endeavored to discuss the proposed sale with various stakeholders who have been active in this case prior to seeking Court approval. No verbal or written opposition has been expressed or received as of the time of filing this Motion. Expedited approval is requested to allow for a June 15, 2021 closing. The Debtor and his counsel are available at the Court's convenience for any hearing on this Motion.

**PRAYER**

WHEREFORE, the Debtor prays that the Court enter an order authorizing him to (i) to sell the Property to Buyers AS IS pursuant to the terms of the Contract under 11 U.S.C. §363(b); (ii) to pay all liens in accordance with state law; (iii) to pay the brokers' commission as set forth in the Contract; (iv) to pay all ordinary costs of sale at the closing; and (v) for such other and further relief to which he is entitled at law or equity.

Dated: June 11, 2021.  Respectfully submitted,

      */s/ Erin E. Jones*
Erin E. Jones (TBN 24032478)
JONES MURRAY & BEATTY LLP
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com
COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion was served by electronic means on or before the 11th day of June 2021 under the Rules and to those registered to receive service electronically via CM/ECF as well as the interested parties listed in this Motion and/or by U.S. Mail, postage prepaid, on those parties entitled to received service under Rules 2002 and 6003 and LBR 9016, including the US Trustee, Silvia Hassell, Mr. Cooper, Montgomery County, the Buyers and Stewart Title.

      */s/ Erin E. Jones*
Erin E. Jones

5