THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROYCE J. HASSELL | § | Case No. 19-30694 |
| | § | (Chapter 11) |
| Debtor. | § | |

**ORDER AUTHORIZING SALE**
Relates to Docket No. 245

The Court has considered the Debtor's Amended Emergency Motion to Sell Property ("Motion")(Docket No. 245), any responses filed thereto, and any arguments and/or evidence presented. The Court makes the following factual findings:

1. Royce J. Hassell (the "Debtor) and Chad and Brandey Porter (the "Buyers"), have negotiated at arm's length and in good faith the proposed sale of "Property" as described and defined in the Motion and as set forth in the One to Four Family Residential Contract – Resale ("Contract") attached hereto as Exhibit "A."

2. The Debtor has exercised sound business judgment in agreeing to the sale described in the Motion and as set forth in the Contract attached as Exhibit "A."

3. The sale described in the Motion and Contract is in the best interest of creditors in this bankruptcy case.

4. Proper and adequate notice of the Motion and the hearing on the Motion has been given.

5. Any findings of fact and conclusions of law made by the Court on the record (if any) are incorporated pursuant to FED. R. BANKR. P. 7052.

6. The Court has jurisdiction over the proposed sale pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(N) and (O).

7. The Court has constitutional authority to enter a final order approving the proposed sale set forth in the Motion.

Accordingly, it is therefore:

1. ORDERED that the sale of the Property (as defined in the Motion and Contract attached as Exhibit "A") is approved pursuant to 11 U.S.C. §363(b); and it is further

2. ORDERED that Buyers shall pay the Debtor $1,773,800.00 ("Purchase Price"), subject to any conditions described in the Contract, attached as Exhibit "A" on or before the

Closing Date as defined in the Contract as may be amended by the Debtor and/or Buyers as needed to effectuate the terms of this Order; and it is further

3. ORDERED that all liens on the Property as of the Closing Date shall be paid in accordance with state law at Closing; and it is further

4. ORDERED that the Debtor is authorized to pay at Closing the ordinary costs of the sale, including any commission due to brokers; and it is further

5. ORDERED that any ad valorem tax liens against the Property are hereby expressly retained against the Property until payment is made to fully satisfy any ad valorem taxes, and any penalties or interest which may ultimately accrue to those taxes in accordance with applicable non-bankruptcy law; and it is further

6. ORDERED that nothing in this Order or Contract releases or relieves the Buyers of the Property from compliance with any applicable licensing, permitting, registration, authorization, or approval requirements of or with respect to a governmental unit; and it is further

7. ORDERED that all parties to this sale shall execute and deliver all documents and shall take any other actions reasonably necessary to effectuate the intent of the sale; and it is further

8. ORDERED that this Order is binding on Buyers and any successor-in-interest; and it is further

9. ORDERED that the Court retains exclusive jurisdiction, to the maximum extent provided by law, with respect to all matters, disputes, adversary proceedings or contested matters arising from or related from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2021.

_____
Honorable Marvin Isgur
United States Bankruptcy Judge