THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Royce J. Hassell,<br><br>      Debtor. | Case No. 19-30694<br>(Chapter 11) |

**DECLARATION OF JERE G. SHAWVER IN SUPPORT OF
DEBTOR'S APPLICATION TO EMPLOY BAKER TILLY US, LLP
AS TAX ADVISOR AND CONSULTANT**

I, JERE G. SHAWVER, declare:

1. The matters stated herein are true and correct and within my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. I am a Certified Public Accountant and the Managing Partner–Assurance and Risk of Baker Tilly US, LLP ("Baker Tilly"). I am authorized to make this declaration on behalf of the Baker Tilly.

3. The Debtor wishes to employ Baker Tilly as his bankruptcy estate's tax advisor and consultant herein, at the expense of the Debtor's bankruptcy estate, to assist the Debtor with the tax issues related to the Debtor's bankruptcy estate and this chapter 11 case.

4. Baker Tilly is a full-service accounting, tax and advisory firm headquartered in Chicago, Illinois. Baker Tilly operates in more than 65 offices in 21 states throughout the United States and has more than 400 partners and 4,200 employees. Baker Tilly is also a member of a global accounting network called Baker Tilly International that is headquartered in London, United Kingdom.

5. The Debtor has been referred to Baker Tilly's bankruptcy services team out of the San Diego office because that team has experience in individual chapter 11 bankruptcy estate

7

taxation. One member of the San Diego team, Eileen Castle, is a resident of Texas and a licensed certified public accountant in the states of California and Texas. Baker Tilly also has several offices in Texas.

6. The terms and conditions of Baker Tilly's employment and the hourly rates of Baker Tilly professionals likely to work on this case and a schedule of out-of-pocket costs are set forth in the Engagement Letter.

7. Under my direction, Baker Tilly professionals have conducted a conflicts search for this engagement. Baker Tilly's review consisted of queries of the parties listed on **Exhibit C** of its internal computer databases containing names of individuals and entities that are present or recent and former clients of Baker Tilly to identify potential relationships. A summary of the potential relationships that Baker Tilly was able to identify using its reasonable efforts is reflected in **Exhibit D** attached hereto. On an ongoing basis, Baker Tilly will conduct further reviews of its professional contacts as it becomes aware of new parties of interest, as is stated below.

8. Baker Tilly also sent an email of the parties-in-interest to its partners, principals and directors seeking both personal and professional contacts. Those contacts are also listed on **Exhibit D** attached hereto.

9. Baker Tilly's systems do not contain the names of all the individual attorneys with whom we have worked unless they are, themselves, clients. Further, Baker Tilly's systems may not include the names of all adverse parties or their counsel.

10. Additionally, it is possible that some of the attorneys and law firms listed on **Exhibit C** have been or are adverse to Baker Tilly's clients in other unrelated matters. I believe that any such connections do not give Baker Tilly an adverse interest to the Debtor and his

bankruptcy estate and do not affect Baker Tilly's disinterestedness, as required by Bankruptcy Code section 327.

11. Baker Tilly has in the past been retained by, and presently provides and likely in the future will provide services for, certain creditors of the Debtor, other parties-in-interest and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtor or interests in this chapter 11 case. Baker Tilly currently performs, has previously performed or may have performed such services for the entities listed in **Exhibit C**, however, except as disclosed herein, such services, to the extent performed by Baker Tilly, are unrelated to the Debtor or his chapter 11 case.

12. As part of its practice, Baker Tilly appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, accountants, and investment bankers in matters unrelated to this chapter 11 case. Baker Tilly has not identified any material relationships or connections with any law firm, financial consultant, accountant, or investment banker involved in this chapter 11 case that would cause it to be adverse to the Debtor, the Debtor's bankruptcy estate, any creditor or any other party-in-interest, or that would otherwise affect Baker Tilly's judgment or ability to perform services for the Debtor.[1]

13. Baker Tilly has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this chapter 11 case.

14. Baker Tilly is the United States member firm of Baker Tilly International, a cooperative of member firms, each a separate legal entity, located worldwide. Only Baker Tilly is

---

[1] From time to time, Baker Tilly hires attorneys in the ordinary course of its businesses. No firm has been retained regarding any issues in this matter.

being retained in this matter. Baker Tilly cannot assure that an engagement will not be accepted by a foreign member firm of Baker Tilly International for another party that may bear upon Baker Tilly's engagement by the Trustee. However, to the extent Baker Tilly is aware of such engagement and believes such engagement may bear upon Baker Tilly's engagement by the Trustee, Baker Tilly will file a supplemental declaration with the bankruptcy court.

15. Baker Tilly has not previously provided services to the Debtor. With the exception of the few connections or potential connections shown on **Exhibit D**, to the best of my knowledge, neither Baker Tilly nor any of its principals, associates, or employees has any interest in or connection with the Debtor, creditors or other parties-in-interest.

16. Accordingly, I believe that Baker Tilly's services to the parties shown as connections or potential connections on **Exhibit C** do not give Baker Tilly an adverse interest to the Debtor and his bankruptcy estate and therefore do not affect Baker Tilly's disinterestedness, as required by Bankruptcy Code section 327. In addition, no principal, associate, or employee of Baker Tilly holds or represents any adverse interest to the Debtor and its bankruptcy estate. Therefore, I believe that Baker Tilly is disinterested within the meaning of Bankruptcy Code section 327.

17. Based upon the results of the Baker Tilly's conflicts search, I observe and conclude that Baker Tilly holds no interest adverse to the Debtor, his attorneys, creditors and other parties-in-interest and their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee. Therefore, I believe that Baker Tilly is a disinterested person within the meaning of Bankruptcy Code sections 101(14) and 327 and has met the disclosure requirements of Rule 2014(a).

18.  I will continue to monitor the parties involved in this case as it proceeds and, and, if necessary, file a supplemental declaration of disinterest notifying the bankruptcy court of any actual or potential conflict.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 18, 2022 at Tysons Corner, Virginia.

_____
JERE G. SHAWVER, CPA CGMA