United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 25, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 19-30694 |
| ROYCE J HASSELL, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

Royce J. Hassell moves for summary judgment on the timeliness of the IRS's amended proof of claim. The IRS's amended proof of claim reasserts a $42,000.00 liability for agricultural payroll withholding taxes, removes a $2,500.00 claim for personal income tax liability, and asserts $144,892.03 in trust fund recovery penalties. For the reasons set forth below, the Court disallows the $144,892.03 in trust fund recovery penalties.

## BACKGROUND

Hassell filed a voluntary petition for chapter 11 relief on February 4, 2019. ECF No. 1. Hassell's Sixth Amended Combined Plan of Reorganization was confirmed by the Court on January 5, 2023. ECF No. 323.

Pursuant to 11 U.S.C. § 502(b)(9)(A) and FED. R. BANKR. P. 3002(c)(1), the IRS's deadline for filing claims expired on August 3,

2019.[1] On March 1, 2019, the IRS filed a timely proof of claim for $44,500.00 in tax liability. ECF No. 347-1 at 4. The proof of claim includes a $42,000.00 claim for Hassell's personal liability for agricultural payroll withholding taxes assessed against an entity known as "Royce J. Hassell Gospel Ranch." *Id.*; ECF No. 350-1 at 1. The proof of claim also includes a $2,500.00 claim for Hassell's personal income tax. *Id.*

On May 22, 2019, the IRS sent Hassell a letter informing him that it was proposing to assess $144,893.35 in trust fund recovery penalties[2] against Hassell for his failure to pay payroll taxes withheld from wages of employees of "R. Hassell Properties, Inc." ECF No. 347-3 at 1, 6. The letter gave Hassell the option to appeal the proposed assessment by July 21, 2019. *Id.* at 2. Hassell submitted his IRS appeal on July 22, 2019, which ultimately failed. ECF No. 350-5 at 1. The IRS notified Hassell that it was moving forward with the assessment on March 12, 2020. It issued the assessment on April 27, 2020. ECF No. 350-1 at 2; ECF No. 350-4 at 1.

On April 16, 2020, the IRS filed an untimely amended claim for $186,892.03 in tax liability. ECF No. 347-2. The claim reasserted the $42,000.00 agricultural payroll withholding tax liability for the same tax

---

[1] Since Hassell filed his voluntary petition on February 4, 2019, the 180-day window for filing government claims closed on August 3, 2019. *See* § 502(b)(9)(A) ("[A] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief . . . ."); 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.").

[2] A trust fund recovery penalty is a 100% penalty assessed when an employer fails to remit federal social security and income taxes withheld from employee paychecks. *Barnett v. IRS*, 988 F.2d 1449, 1453 (5th Cir. 1993).

years, removed the $2,500.00 claim for personal income tax,[3] and added a claim for $144,892.03 in trust fund recovery penalties. *Id.* at 4. Hassell filed an objection to this claim on January 20, 2023. ECF No. 327. Hassell objected to both the agricultural payroll withholding taxes and trust fund recovery penalties. *Id.* Hassell argued that the agricultural payroll withholding tax claim should be disallowed in full because there had been no payroll associated with the entity since prior to 2013. *Id.* at 2. Hassell argued that the trust fund recovery penalties should be disallowed on two grounds: (1) the amended claim is untimely and (2) Hassell is not personally liable for the taxes. *Id.* at 2–5.

Hassell moved for summary judgment on March 31, 2023, solely on the issue of the untimeliness of the trust fund recovery penalties claimed in the IRS's amended proof of claim. ECF No. 347. Hassell seeks an order disallowing the penalties. *Id.* at 1. On September 29, 2023, the parties submitted a joint stipulation resolving all claims in Hassell's January 20, 2023, claim objection except for the untimeliness of the trust fund recovery penalties. ECF No. 369 at 1. Pursuant to the stipulation, the Court canceled the trial date set on November 1, 2023.

The trust fund recovery penalties claim is disallowed as untimely.

---

[3] Hassell had paid his income taxes for the applicable tax year by the time the IRS submitted its amended claim. ECF No. 350-1 at 2.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the bankruptcy court under General Order 2012-6.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact means that evidence is such that a reasonable fact finder "could return a verdict for the nonmoving party." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). It is the movant's burden to establish that no genuine issue of material fact exists. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citing *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005)). A party asserting that a fact cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. FED. R. CIV. P. 56(c)(1). If the movant establishes "the absence of evidence supporting an essential element of the non-movant's case," the burden shifts to the non-movant to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326 (citing *Condrey*, 429 F.3d at 562).

In ruling on a motion for summary judgment, a court should view the facts and evidence in light most favorable to the non-moving party. *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014). Nevertheless, the court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Env't. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012).

"Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). The Court need only consider the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Aubrey v. Sch. Bd. of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

## DISCUSSION

"A creditor who fails to file its proof of claim before the bar date, and who fails to request an extension of time to file, . . . may not file a late claim and participate in the voting or distribution from the debtor's estate." *United States v. Kolstad (In re Kolstad)*, 928 F.2d 171, 173 (5th Cir. 1991); *see also* FED. R. BANKR. P. 3003(c)(2). However, "amendments to timely [filed] creditor proofs of claim have been liberally permitted to 'cure a defect in the claim as originally filed, to describe a claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" *Id.* (quoting *United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir. 1985)). Amendments to proofs of claim relate back to the original filing they amend, whether the amendments are filed timely or tardily. *In re Friesenhahn*, 169 B.R. 615, 618 (Bankr. W.D. Tex. 1994).

"Amendments do not vitiate the role of bar dates: indeed, courts that authorize amendments must ensure that corrections or adjustments do not set forth wholly new grounds of liability." *Kolstad*, 928 F.2d at 175 (citing *First Nat'l Bank of Mobile v. Everhart (In re Commonwealth Corp.)*, 617 F.2d 415, 420 (5th Cir. 1980)). "[T]he court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of an amendment." *Int'l Horizons*, 751 F.2d at 1216 (citing *Commonwealth Corp.*, 617 F.2d at 420). "The deadlines have a purpose: they enable a debtor and his creditors to know, reasonably promptly, what parties are

making claims against the estate and in what general amounts." *Kolstad*, 928 F.2d at 173. "[T]he principal concern of claims amendments [is] that no new claim be tardily asserted . . . ." *Id.* at 175.

The overall inquiry in the Fifth Circuit is:

> (1) whether [the] IRS is attempting to stray beyond the perimeters of the original proof of claim and effectively file a "new" claim that could not have been foreseen from the earlier claim or events such as an ongoing or recently commenced audit; and (2) the degree and incidence of prejudice, if any, caused by [the] IRS's delay.

*Kolstad*, 928 F.2d at 176 n.7.

## I. THE AGRICULTURAL PAYROLL WITHHOLDING TAXES IN THE IRS'S AMENDED PROOF OF CLAIM RELATE BACK TO THE ORIGINALLY FILED PROOF OF CLAIM

The IRS's April 16, 2020, amended proof of claim asserts $42,000.00 in agricultural payroll withholding tax liability for tax years 2013–2019. ECF No. 347-2 at 4. These are the same taxes for the same tax years as claimed in the IRS's March 1, 2019, proof of claim, but merely reasserted. ECF No. 347-1 at 4. No party contests that these taxes relate back to the originally filed proof of claim. Although the amended proof of claim is untimely,[4] the Court finds that the

---

[4] The IRS's deadline for filing claims expired on August 3, 2019. *See supra* note 1 and accompanying text.

agricultural payroll withholding taxes are not a new claim and relate back to the same taxes asserted in the IRS's original claim.

The agricultural payroll withholding taxes asserted in the amended proof of claim are allowed.

## II. THE IRS MAY REMOVE ITS INCOME TAX CLAIM IN THE AMENDED PROOF OF CLAIM

The IRS's April 16, 2020, amended proof of claim removes a $2,500.00 claim for Hassell's personal income tax liability asserted in the IRS's March 1, 2019, proof of claim. Hassell paid his income tax liability prior to the IRS submitting its amended claim. ECF No. 347-1 at 4; ECF No. 347-2 at 4; ECF No. 350-1 at 2. No party contests the IRS's removal of the income tax claim.

## III. THE TRUST FUND RECOVERY PENALTIES IN THE IRS'S AMENDED PROOF OF CLAIM DO NOT RELATE BACK TO THE ORIGINALLY FILED PROOF OF CLAIM

The IRS's April 16, 2020, amended proof of claim asserts a claim of $144,892.03 in trust fund recovery penalties. ECF No. 347-2 at 4. This claim was not previously asserted. The penalties were issued because R. Hassell Properties, Inc. allegedly failed to remit federal social security and income tax withholdings to the United States. ECF No. 347-3 at 1, 6. The IRS claims that Hassell is a "responsible person" who failed to pay the withholdings, and as a result, that the IRS may seek the funds from Hassell personally in the form of a trust fund recovery penalty. *See Barnett v. I.R.S.*, 988 F.2d 1449, 1453 & n.6 (5th Cir. 1993). The merits of the IRS's ability to issue the trust fund recovery penalties against Hassell are not before the Court. The Court holds that the trust fund recovery penalties claim is disallowed as untimely.

Under *Kolstad*, we must first consider whether the IRS is attempting to file a new claim that could not have been foreseen from the earlier claim. *Kolstad*, 928 F.2d at 176 n.7. According to the IRS, an amended claim is not a new claim if it "it concerns tax that is of the

same 'genre' as the tax alleged in the original claim." ECF No. 350 at 9. The IRS argues that the claim for trust fund recovery penalties in the amended claim relates back to the claim for agricultural payroll withholding taxes in the original claim. The IRS makes this assertion despite the fact that the liabilities were incurred by different entities, because both claims "allege liability for tax of one genre—*payroll*." *Id.* at 10.

In raising this argument, the IRS cites to language in *Friesenhahn*. *See Friesenhahn*, 169 B.R. at 618 ("[T]he amended claim must be of the same basic genre as, or bear a sufficient relationship to, the claim or claims included in the original filing."). *Friesenhahn* does not adopt the broad view that the IRS asserts. In *Friesenhahn*, the court found that an amended claim relates back to the original claim if it bears a sufficient relationship to the claim in the original proof of claim, such that the original claim is sufficient "to place others on notice of the existence of the claim made in the amendment." *Id.* There, the court found that an untimely claim for a 100% "responsible person" penalty for the debtors' company's delinquent payroll taxes did not relate back to a claim for personal income taxes because the connection between personal income taxes and payroll taxes was too tenuous. *Id.* at 621 ("The IRS's Original Claim for personal income taxes cannot be said to put one on notice of the subsequent claim for responsible officer penalties. This is not a case where the IRS merely seeks to describe its claim with greater specificity or plead a new theory of recovery based on the same set of facts.").

The IRS's argument is based on too broad of a view of relation back asserted by various courts. *See United States v. Miller (In re Miller)*, 118 B.R. 76, 79 (E.D. Tenn. 1989). The broad view looks to whether an amended claim falls "'within the matrix of an indebtedness' due the federal government in 'their revenue collection function.'" *In re Midwest Teleproductions Co., Inc.*, 69 B.R. 675, 677 (Bankr. N.D. Ohio 1987); *see, e.g., Menick v. Hoffman*, 205 F.2d 365, 368 (9th Cir. 1953) (finding an amended claim for personal income taxes relates back to the

original claim for delinquent withholding taxes because both taxes were, in essence, income taxes of the "same generic origin").

Other courts have developed a more conservative approach. *Miller*, 118 B.R. at 79. Under this approach, an amendment is not allowed if the amended claim does not arise out of the same conduct, transaction, or occurrence as the original claim. *See id.* The analysis under this approach is more consistent with the amended claim framework articulated in Federal Rule of Civil Procedure 15. *See Friesenhahn*, 169 B.R. at 618 (citations omitted) ("[T]he inquiry parallels the inquiry made under Rule 15(c) of the Federal Rules of Civil Procedure, applicable herein through Rule 7015 and Rule 9014 of the Federal Rules of Bankruptcy Procedure. . . . Rule 15(c) provides that an amendment will relate back to the initial filing if it arises out of the same 'conduct, transaction, or occurrence.'"). This approach is more consistent with the traditional view of claim amendments in bankruptcy, under which an amendment is permitted "only where the original claim provided notice . . . of the existence, nature, and amount of the claim and that it was the creditors' intent to hold the estate liable." *Int'l Horizons*, 751 F.2d at 1217 (citing *Walsh v. Lockhart Assocs.*, 339 F.2d 417, 418 (5th Cir. 1964)).

The trust fund recovery penalties asserted in the IRS's amended claim are a new claim. The fact that the IRS's amended and original proofs of claim assert liability related to employee payroll withholdings does not equate to them being the same claim with the same set of facts. A few facts make this obvious:

- The two taxes arise out of different relations. The late-filed withholding tax penalty arises out of Hassel's ownership and alleged control of R. Hassell Properties, Inc. ECF No. 347-3 at 1, 6. The timely-filed tax claim relates to Royce J. Hassell Gospel Ranch. ECF No. 347-1; ECF 350-1 at 1. A claim of $42,000.00 in tax liability of one entity cannot give notice of the IRS's intent to hold Hassell liable for a $144,892.03 penalty asserted for the conduct of a different entity.

- The IRS cannot demonstrate how the existence of a trust fund recovery penalties claim relating to "R. Hassell Properties, Inc." could have been foreseen from the filing of a claim relating to different taxes against "Royce J. Hassell Gospel Ranch."

- The agricultural payroll withholding taxes in the original claim are for a direct tax liability while the trust fund recovery penalties in the amended claim are a penalty assessed by the IRS against a person deemed responsible for an entity's failure to remit certain employee payroll withholding taxes. The taxes underlying these penalties are unrelated to the agricultural payroll withholding taxes asserted in the original claim.

Both parties have submitted arguments regarding the existence and extent of prejudice caused by the IRS's delay. *See Kolstad*, 928 F.2d at 176 n.7. Prejudice is considered "only if the first prong is satisfied and the claim qualifies as an amendment and not a new claim." *In re Enron Corp.*, 327 B.R. 75, 87 (Bankr. S.D.N.Y. 2005) (quoting *In re Sage-Dey, Inc.*, 170 B.R. 46, 49 (Bankr. N.D.N.Y. 1994)). The IRS's amended proof of claim asserts a new claim unrelated to its original claim. The equities of the situation do not come into consideration. The $144,892.03 in civil penalties asserted in the IRS's April 16, 2020, Amended Claim (Claim 8-2) are disallowed.

## CONCLUSION

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED 10/25/2023

_____
Marvin Isgur
United States Bankruptcy Judge